The defendant was indicted and convicted for the capital murder of Freddy Paul Tatum, in violation of Section 13A-5-31 (a)(2), Code of Alabama (1975). The trial judge sentenced the defendant to life imprisonment *Page 1193 
without parole in accordance with the verdict of the jury in the penalty phase of the trial. All proceedings were conducted in accordance with Beck v. State, 396 So.2d 645 (Ala. 1980).
 I
The defendant's challenge to the constitutionality of the action of the Alabama Supreme Court in Beck v. State, supra, is foreclosed by the cases of Potts v. State, 426 So.2d 886 (Ala. 1983); Clisby v. State, (Ms. 81-633, February 11, 1983) (Ala. 1983); Raines v. State, 429 So.2d 1111 (Ala. 1981).
 II
The confessions of the defendant were made in full compliance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966). Since the defendant never requested counsel or invoked his right to remain silent, the problems of Edwardsv. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) are not present.
Although the defendant initially refused to sign the Miranda
waiver forms, he agreed to talk to the investigating officers. The refusal to sign a written waiver of rights form without more does not preclude a knowing and intelligent waiver of those rights. Houston v. State, 56 Ala. App. 295, 321 So.2d 261
(1975).
The defendant's mental abnormality was not such as would render any confession inadmissible. C. Gamble, McElroy'sAlabama Evidence, Section 200.14 (1) (3rd ed. 1977). The defendant presented testimony to the effect that his intellectual operation was on a third grade level. These results were from tests conducted seven and one-half years before the murder. The more recent report of the lunacy commission, which was conducted just a year and one-half after the crime, showed that the defendant was "functioning within the dull normal range of intellectual abilities."
 III
Although the length of delay from arrest to trial was two years, we find no violation of the defendant's Sixth Amendment right to a speedy trial. Delays caused by the defendant are counted heavily against him in applying the balancing test ofBarker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972).
Approximately one-half of the delay between arrest and trial is attributable to the defendant's initial waiver of a speedy trial and his subsequent request for a mental examination made just eleven days before his case was scheduled for trial. The defendant was tardy in the assertion of his right to a speedy trial. The defendant's own defense counsel acknowledged that the delay "stems primarily from the fact that the lawyer formerly appointed to represent the defendant got sick and subsequently died." The defendant's allegations of prejudice resulting from the delay are without factual merit.
 IV
Reversible error was not committed when the trial court overruled the defendant's objection under Witherspoon v.Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), to the excusal of venireman Orrin Williams for his views on capital punishment.
 "The holding in Witherspoon is not applicable where the jury recommends a sentence less than the death sentence. Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797. By its express terms, Witherspoon is limited to those cases where the death sentence is imposed by a jury from which some have been removed because they opposed capital punishment."
 Eady v. State, 284 Ala. 327, 328, 224 So.2d 876, 877
(1969).
See Bumper v. North Carolina, 391 U.S. 543, 545, 88 S.Ct. 1788,1790, 20 L.Ed.2d 797 (1968) ("Our decision in Witherspoon does not govern the present case, because here the jury recommended a sentence of life imprisonment"). *Page 1194 
 V
The five black and white photographs of the victim's body at the forensic laboratory were properly admitted. C. Gamble,McElroy's Alabama Evidence, Section 207.01 (2) (3rd ed. 1977). The photographs tended to illustrate, elucidate and corroborate the testimony of the state criminalist who performed the autopsy on the victim and who testified as to the extent of the victim's injuries and the cause of death. "The fact that the photograph of the victim's body is gruesome is not, without more, an appropriate ground upon which to exclude it as evidence." McElroy, Section 207.01 (2) and cases cited at n. 8.Walker v. State, 416 So.2d 1083 (Ala.Cr.App.), cert. denied,416 So.2d 1083 (Ala. 1982).
 VI
The defendant argues that the supplemental charge given to the jury by the trial court after they had begun deliberation was erroneous because it failed to repeat instructions on the less included offense of non-capital murder and failed to charge the jury on felony murder.
During the guilt phase of the trial, the trial court's charge to the jury included instructions on the intent required for a capital felony, on the felony murder doctrine and on the distinction between the intent required for a capital felony and the intent required for the lesser included offense of non-capital murder. Defense counsel announced "satisfied" with the court's oral charge.
After the jury had deliberated for several hours, it returned with a written question about the intent element. That question and the trial judge's response are reflected in the record.
 "Question number two. What is the latest point that intent can begin? Does it have to begin before or as he is going over the fence or can it begin as late as the moment before the blow occurs?
 "I am going to address myself to your second question. . . . To the point; the law is that the intent and the act must coincide. The intent must exist when the act was committed. That is when intent becomes an element for your consideration. And is the only time. In the written requested charges which you carried with you to the Jury Room it is possible there may be language which created the impression that the intent with which an act was committed had to last a certain length of time or had to begin at some point in time or some place. That, to the degree that I created that impression, I misspoke. I misstated it because the law is that the intent and the act have to exist at the same time and that is the point at which you apply the text (sic) of intent. That being the case, I believe, given that answer to question number two makes it unnecessary to answer question number one (what constitutes premises?).
 "Have you other questions which you have? Have I caused more problems by attempting to solve that one?
"A JUROR: That is fine."
The objection of defense counsel is not the same as that argued on appeal.
 "MR. DAVIS (Defense Counsel): Yes, sir. Your Honor, we would renew our object(ion) to any further instructions to the Jury. We feel that the previous instructions by the Court were adequate and that any further instruction answering any of the questions presented by the Jury to the Court invade the province of the Jury and can only add to prejudice the Jury against the Defendant."
Because the defendant objected only to the giving of the supplemental charge and not to the trial court's failure to give further instructions in the supplemental charge, the issue of whether the court should have included an instruction on the felony murder doctrine is not before this Court. An objection to an oral charge must be specific and must clearly delineate the perceived defect. Fuller v. State, 269 Ala. 312, 324,113 So.2d 153 (1959). See also Allen v. State, 414 So.2d 989
(Ala.Cr.App. 1981), affirmed, Ex parte Allen, 414 So.2d 993
(Ala. 1982). An objection on one ground waives all others.Woodard v. State, 401 So.2d 300, 303 (Ala.Cr.App. 1981). A defendant is bound by the grounds of objection he stated at trial and may not expand those grounds on appeal. *Page 1195 Parker v. State, 406 So.2d 1036, 1039-40 (Ala.Cr.App.), cert. denied, 406 So.2d 1041 (Ala. 1981).
Additionally, we find that the trial court did not err by failing to repeat the instructions on intent and the felony-murder rule given earlier. When a jury requests additional instructions the recommended practice is for the trial court to remain within the area of the specific request in making his response. East v. State, 339 So.2d 1104, 1106-07
(Ala.Cr.App. 1976). A trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury. White v. State, 195 Ala. 681, 686, 71 So. 452
(1916); Thomas v. State, 393 So.2d 504, 508 (Ala.Cr.App. 1981). It is assumed that the jury will consider the previously given instructions along with those given in the supplemental charge.Turner v. State, 160 Ala. 40, 47, 49 So. 828 (1909).
Our consideration of the issues raised on appeal convinces us that the judgment of the circuit court is due to be and is hereby affirmed.
AFFIRMED.
TYSON, HARRIS, HUBERT TAYLOR, JJ., concur.
SAM W. TAYLOR, J., recuses himself.