Octavious Goolsby was convicted of robbery in the first degree. He was sentenced under the Habitual Felony Offender Act to 99 years' imprisonment in the state penitentiary.
On January 1, 1985, the appellant entered a small convenience store in Pike County called Woody's Kwik Stop. After purchasing some gum, the appellant told the owner of the store, Woodrow Messrick, "This is a hold-up, give me your money." Mr. Messrick later testified that the appellant "appeared to have a gun underneath his shirt." After Mr. Messrick had taken money from the cash register and placed it on the counter, he noticed that the object he originally believed to be a gun was actually a hammer. Messrick testified that the appellant "drawed the hammer up and I threw my arm up. He made a couple of passes at my head, but he never did follow through. So I drawed back to protect myself and he broke and run out the front door." The appellant took the money from the cash register with him as he fled. He was later arrested by the police and was identified by Mr. Messrick as the man who had robbed his store.
 I
Appellant contends that the trial court abused its discretion in denying his application for youthful offender status. He argues that the court failed to make a sufficient investigation into his background as required by the Youthful Offender Act, §15-19-1, Code of Alabama 1975. Ware v. State, 432 So.2d 555
(Ala.Cr.App. 1983). When deciding whether to grant youthful offender status, it is expected that the nature of the crime charged, along with prior convictions of the defendant, will be considered, as well as any other matters deemed relevant by the court. Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975). No prescribed format is required. Edwards v. State, 294 Ala. 358, 317 So.2d 512 (1975). Neither is the trial court required to articulate on the record the reasons for denying youthful offender status to a defendant. Garrett v. State,440 So.2d 1151 (Ala.Cr.App. 1983). In deciding whether or not to accord youthful offender status to an accused person, the discretion of the trial judge is virtually absolute. Morgan v. State,363 So.2d 1013 (Ala.Cr.App. 1978). In this case a hearing was conducted on the issue of whether youthful offender status should be granted. The trial judge stated that he had "independent knowledge" of appellant's prior record. InMcCovery v. State, 365 So.2d 358 (Ala.Cr.App. 1978), we held that a similar recitation was sufficient to establish that the trial judge had not abused his discretion as to youthful *Page 637 
offender status. We reaffirm that holding today and conclude that the trial judge in this case did not abuse his discretion in denying the appellant's application for youthful offender status. Neither do we find any basis for appellant's claim that he was denied due process of law simply because the youthful offender hearing was held immediately before his trial.
 II
The appellant also contends that he was not properly arraigned. Specifically, he argues that the arraignment was defective because he did not receive a copy of the charges pending against him, as required at common law. However, this court noted in Headley v. State, 51 Ala. App. 148, 151,283 So.2d 458 (1973), that "the common law formalities attendant on arraignment are no longer required." Alabama law requires that the accused must be "advised by the court as to the nature and substance of the charge against him and, in cases of indictment for charges of felony, that the defendant be called to plead in person." Thomas v. State, 255 Ala. 632, 53 So.2d 340, (1951). Since these requirements were complied with in the present case, we find no reversible defect in the arraignment.
 III
Under § 13A-8-41, Code of Alabama 1975, a person commits robbery in the first degree if he obtains unauthorized control over the property of another by the use of force or threatened use of force and is "armed with a deadly weapon or dangerous instrument." The appellant maintains that the state failed to establish that a hammer is a dangerous instrumentality. A "dangerous instrument" is defined as: "Any instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is highly capable of causing death or serious physical injury. . . ." §13A-1-2 (12), Code of Alabama 1975. Mr. Messrick, the victim, testified that the appellant removed a hammer from his pocket and swung it at his head. A hammer used in such a manner is "highly capable" of causing death or serious bodily harm. Cf.Harris v. State, 398 So.2d 777 (Ala.Cr.App. 1981), (club constitutes deadly weapon as a matter of law); Davis v. State,470 So.2d 1340 (Ala.Cr.App. 1985), (the use and manner of use of a stick or tree limb constitutes a dangerous or deadly weapon). Since the hammer, as used by the appellant, constitutes a deadly weapon, the case was properly submitted to the jury.
The evidence presented by the state was sufficient to make out a prima facie case of robbery in the first degree, even without the deadly weapon.
 A conviction of first degree robbery does not require evidence that the accused brandished or displayed any weapon. Indeed, in order to be convicted of first degree robbery an accused need not even be armed with a deadly weapon or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he had one and (2) there is no evidence to rebut or refute this reasonable belief or representation. To find as a matter of law that where a gun is not seen a defendant cannot be convicted of first degree robbery would allow all would-be robbers to keep a gun or other dangerous weapon concealed during the crime to be used only if needed. State v. Cooper, 140 N.J. Super. 28, 354 A.2d 713 (1976). Under our statute, such an interpretation would defeat the intent of the legislature and `basic theory' of the statute to `protect the citizen from fear for his or another's health and safety.'" James v. State, 405 So.2d 71, 73 (Ala.Cr.App. 1981).
The evidence adduced at trial indicates that, at the time of the robbery, the victim believed the robber had a gun in his pocket. Mr. Messrick testified that the appellant "appeared to have a gun underneath his shirt or some kind of weapon. I didn't know. It looked like a gun. He said, `This is a hold up, give my your money.' So I *Page 638 
. . . emptied my register up on the counter. When I got to the change I asked him if he wanted me to get a sack for it, and at that time he came out from under his shirt and it was a claw hammer." It was only after the robbery had been completed that Mr. Messrick discovered that the object concealed in the appellant's clothing was actually a hammer rather than a firearm. The evidence presented was sufficient to make out a prima facie case of first degree robbery.
 IV
Finally, the appellant contends that certain comments made by the trial judge to the jury at the commencement of trial were highly prejudicial and constitute grounds for reversal. The statement made by the trial judge is as follows:
 "It is my estimate that we will be through at a reasonable hour this afternoon. If that be true you will have finished your service for the entire week. You will be paid and you won't have to come back in the morning."
Remarks by the trial judge constitute error only if they affect the results of the trial. Harper v. State, 420 So.2d 835
(Ala.Cr.App. 1982); McCovery, supra. Under some circumstances the above comments might possibly adversely affect a litigant, but there is nothing to show that they did so here. Moreover, no objection was made by the appellant to these comments, so there is nothing for us to review. Carpenter v. State,400 So.2d 417 (Ala.Cr.App.), cert. denied, 400 So.2d 427 (Ala. 1981).
Accordingly, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.