531 So.2d 45 (1988)
Rudolph THOMAS, Jr.
v.
STATE.
4 Div. 956.
Court of Criminal Appeals of Alabama.
April 12, 1988.
Rehearing Denied June 14, 1988.
Certiorari Denied September 9, 1988.
*46 Bill Kominos, Ozark, for appellant.
Don Siegelman, Atty. Gen. and Mary Ellen Forehand, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 87-1115.
McMILLAN, Judge.
The appellant was convicted of murder, in violation of § 13A-6-2, Code of Alabama (1975), and was sentenced to life imprisonment.
The sole argument on appeal is the appellant's contention that the trial court committed reversible error in denying the motion to suppress his videotaped confession. Appellant argues that the confession was taken in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and was therefore inadmissible.
The record in the instant case indicates that the appellant was arrested for the murder of Napier Field Mayor Herbert Beumer. The appellant was then read his Miranda rights, at which time he executed a waiver form. Immediately thereafter, in the presence of Trooper Lloyd Arrington, Sheriff Bryant Mixon, and Deputy Walter Ford, the appellant made the videotaped statement that is the subject of this appeal. The appellant contends that he initially denied all knowledge of the crime charged, and that, only after certain intimidating or coercive statements were made to him by Arrington, Mixon, and Ford, did he confess to the murder.
In Seawright v. State, 479 So.2d 1362, 1367 (Ala.Cr.App.1985), citing Rogers v. State, 365 So.2d 322 (Ala.Cr.App.), cert. denied, 365 So.2d 334 (Ala.1978), and cases cited therein, this Court held the following:
"The test for the voluntary nature of an entire judicial confession or inculpatory statement is whether in the light of all the surrounding circumstances, the statement was free from inducement, threat, or promise, either expressed or implied, which would have produced in the mind of the accused any fear of harm or hope of favor." (See also Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Mitchell v. State, 508 So.2d 1196, 1198, 1199 (Ala.Cr.App.1986)).
"If so, whether true or false, such a confession must be excluded from the consideration of the jury as having been procured by undue influence. The duty rests in the first instance on the trial judge to *47 determine whether or not a confession is voluntary." Mitchell, supra at 1199.
Further, the true test of determining whether extrajudicial confessions are voluntary is whether the defendant's will was overborne at the time he confessed so that the confession was not the product of a rational intellect and a free will. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Mitchell, supra; Eakes v. State, 387 So.2d 855, 858-59 (Ala.Cr.App. 1978). Thus, any factual inquiry into the voluntariness of the appellant's confession must focus on the alleged statements made to him by law enforcement officials as well as on any facts which may show that the appellant is more or less susceptible to pressure than the average person (on this point, see LaFave and Israel, Criminal Procedure (1984), § 6.2).
The appellant contends that the Sheriff and his Deputy told him that he would benefit himself by making a confession. A review of the videotaped statement, however, shows that the appellant was told to "Benefit yourself if you can." "Surely, there's some kind of reason"; "Benefit yourself as much as you can"; "Give some kind of reason." The statements made, in the context and under the circumstances, were simply exhortations to tell the truth, not attempts to get the appellant to admit guilt or to confess. This Court held in Eakes v. State, 387 So.2d 855, 859 (Ala.Cr.App.1978), citing Edwardson v. State, 255 Ala. 246, 251, 51 So.2d 233 (1951):
"A promise or inducement for a confession cannot be implied from an exhortation to a prisoner that it is best or better to tell the truth. The rule is otherwise, where the party has been told by a person in authority that it is better for him to confess, or that he will be bettered by saying a particular thing." (Emphasis supplied).
Accordingly, such statements would not render the appellant's confession inadmissible.
The appellant also argues that his confession was coerced as a result of statements made to him by Arrington, Mixon, and Ford about certain incriminating evidence they had discovered in their investigation; i.e., that an accomplice of the appellant, Patricia Phillips, had told investigators how she and the appellant had planned the crime, and that the Sheriff had tire prints taken from the crime scene that would match those of the appellant's car. It is not unfair or coercive to confront a suspect with evidence that suggests his guilt. See Moore v. State, 415 So.2d 1210, 1214 (Ala.Cr.App.), cert. denied, 459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982) (wherein this Court held that it was neither an unfair tactic nor legally coercive to confront a suspect with a co-defendant's confession); Barrow v. State, 494 So.2d 834, 839 (Ala.Cr.App.1986) (in which the Court held that even confronting appellant with incorrect statements about evidence implicating him did not render his confession inadmissible where the misrepresentation was not reasonably calculated to lead the accused to confess falsely).
The appellant contends that Arrington, Mixon, and Ford coerced his confession by threatening to charge him with a capital murder, a contention allegedly supported by the fact that he had not been so charged when the statement was made and was not so charged in the indictment. At the time of the appellant's arraignment in district court on November 5, 1986, and at the time of a later bond hearing, the appellant was, in fact, charged with capital murder. Additionally, there is no evidence in the record of this case suggesting that the statement was made in order to bargain with the appellant or to intimidate him. Rather, viewed in the context in which it was made, the statement appears to have been intended merely to apprise the appellant of the reality of his situation. This Court held in Ball v. State, 489 So.2d 675, 677 (Ala.Cr. App.1986), a case factually similar to the one at bar:
"[O]fficer Gant was not attempting to bargain with or promise the defendant anything. He was simply informing the defendant of the reality of the situation and that if he did not obtain more information *48 different from that which he already had she would be arrested."
See also United States v. Ballard, 586 F.2d 1060, 1062-63 (5th Cir.1978) (where confession was deemed voluntary even though officer described both 15-year maximum sentence and the 5-7 year penalty normally imposed).
The appellant next contends that Sheriff Mixon told him, "[T]he way it looks now, she's [the accomplice is] going to get off free and you're going to wind up swinging." When asked at the suppression hearing what he took the word "swinging" to mean, appellant replied:
"The way it was said towards me when the question was asked meant that I was going to be left holding the whole thing. I was going to be punished for everything that happened."
The appellant was himself a former police officer. As such, he should have understood that the presence or absence of a co-defendant would not, under the circumstances, lessen the consequences he faced for the crime charged. Moreover, it is again the opinion of this Court that Sheriff Mixon's statement was meant only to pragmatically advise the appellant as to his predicament; such advice, pursuant to Ball, supra, would not make his confession inadmissible.
The appellant also states that Sheriff Mixon told him that Sheriff Mixon "had an ace card and that when he went to jail there would be no bond." However, a review of the appellant's statement shows that Mixon, in fact, said, "You do what you want to, but I'll tell you this.... When you get into jail, the bond ain't gonna be $1,000.00." The appellant has failed to show that he was coerced.
Finally, this Court notes that, immediately prior to the appellant's confession, the following exchange occurred:
"SHERIFF MIXON: What would it take on our part to get a statement from you?
"APPELLANT: I'd like to have one more night with my family.
"SHERIFF MIXON: I can't do that....
I can let them come down here and talk to you, I'd let them come here....
I'd send for them right now.
"APPELLANT: That's better than nothing.
"SHERIFF MIXON: Would you give us a statement?
"APPELLANT: Yeah."
As this Court held in Eakes v. State, 387 So.2d 855, 860 (Ala.Cr.App.1978), citing Taylor v. Commonwealth, 461 S.W.2d 920 (Ky.1970), cert. denied, 404 U.S. 837, 92 S.Ct. 126, 30 L.Ed.2d 70 (1971), "[a] confession is not rendered involuntary by a promise of benefit that was solicited freely and voluntarily by the accused." As the appellant himself made the request without any coercion on the part of Sheriff Mixon, the rule set forth in Eakes, supra, is properly applied to the instant case, and the above referenced exchange does not affect the admissibility of appellant's confession. Additionally, the videotaped statement is void of any inference that, had he not made the confession, the appellant would not have been allowed to see his family. (Cf. United States v. Tingle, 658 F.2d 1332 (9th Cir.1981)).
This Court agrees with the argument advanced by the appellee that, in determining whether the appellant's will was overborne at the time his confession was made, it is appropriate to consider particular characteristics of the person subjected to the interrogation. See Fare v. Michael C., 442 U.S. 707, 724-25, 99 S.Ct. 2560, 2571-72, 61 L.Ed.2d 197 (1979); North Carolina v. Butler, 441 U.S. 369, 374-75, 99 S.Ct. 1755, 1758, 60 L.Ed.2d 286 (1979); LaFave and Israel, supra. The appellant in the instant case was the police chief of Napier Field, Alabama, at the time of his arrest in 1986, a position he had occupied since 1981. The appellant had been a police officer since 1977, had completed the eleventh grade, earned a high school equivalency certificate, and had one and one-half years of college, taking the law enforcement curriculum. In a case involving a similarly situated defendant, Crooker v. California, 357 U.S. 433, 440, 78 S.Ct. *49 1287, 1292, 2 L.Ed.2d 1448 (1958), the Supreme Court recognized that the fact the defendant was a college educated man with a year of law school tended to show that his will was not overborne and that his confession was voluntary.
Where a trial judge determines, on conflicting evidence, that a confession has been voluntarily made, such a finding will not be disturbed on appeal unless it is palpably contrary to the great weight of the evidence. Watkins v. State, 497 So.2d 1153 (Ala.Cr.App.1986); Todd v. State, 472 So.2d 707 (Ala.Cr.App.1985).
An independent review of the evidence supports the trial judge's determination of voluntariness. The evidence, although conflicting, furnishes ample support for a finding that the methods and tactics used in questioning the appellant were neither unfair nor coercive. Because the finding of voluntariness is supported by substantial evidence, it must be upheld.
AFFIRMED.
TYSON and TAYLOR, JJ., concur.
BOWEN, P.J., and PATTERSON, J., concur specially, with opinions.
BOWEN, Presiding Judge, concurring specially.
I concur in the majority's finding that the defendant's confession was voluntary. However, this concurrence was reached only after viewing the videotape recording of the interrogation, witnessing the defendant's demeanor, and considering the officer's alleged inducements and statements in the context in which they were made. My finding of voluntariness is based upon the application of the totality-of-the-circumstances test to the particular facts and circumstances of this case. Under other circumstances with a different defendant, the statements of the officers may very well constitute improper inducement and coercion.
PATTERSON, Judge, concurring specially.
I concur in the affirmance of this case. Considering the entire circumstances surrounding the taking of the confession, particularly the experience and background of appellant, I do not believe that it can be seriously contended that appellant was overborne or that the confession was not the product of a free will. The findings of the trial court as to the voluntariness of the confession are not contrary to the great weight of the evidence, nor manifestly wrong. The denial of the motion to suppress the videotaped confession was proper.