542 So.2d 950 (1989)
Larry Bruce NORSWORTHY
v.
STATE.
4 Div. 133.
Court of Criminal Appeals of Alabama.
March 31, 1989.
*951 Bill Kominos, Ozark, for appellant.
Don Siegelman, Atty. Gen., and Andy S. Poole, Asst. Atty. Gen., for appellee.
TYSON, Judge.
Larry Bruce Norsworthy was indicted for the capital murder of Andrew Jackson Denham and Frances Pauline Norsworthy, in violation of § 13A-5-40(a)(10), Code of Alabama 1975. At arraignment the appellant pleaded not guilty and not guilty by reason of insanity and/or mental disease.
He was convicted of the lesser included offense of murder for the death of Frances Pauline Norsworthy and manslaughter for the death of Andrew Jackson Denham. He was sentenced to life in prison for the murder conviction and 10 years in prison for the manslaughter conviction, which was to run consecutively with the life sentence.
The appellant raises three issues on appeal.

I
The appellant contends that a remark made by the trial judge to the jury was prejudicial to the appellant and the trial court erred in refusing to grant a mistrial. The record reveals that the judge made the statement to the jury after the appellant called a clinical psychologist as a witness and the State then questioned her in the jury's absence. After the jury returned, the trial judge declared a recess and stated:
"I want to remind you of what I told you before. As we wind the case down we still have certain matters, even though all the evidence is in, until the final arguments and the charge by the court, it is vitally important that you not speak with each other about the facts of this case or try to decide any issues among yourselves or allow anyone else to influence you in any way or talk to you about this case." (R. 655)
Appellant argues that the statement "even though all the evidence is in" in effect instructed the jury to disregard any further evidence.
"Remarks by a trial judge may be open to criticism, but they are not error unless they have affected the result of the trial. It is not every erroneous expression of opinion by a trial judge, during trial, that will furnish a ground for reversal. To do so, it must, in some manner, influence the result of the cause or be supposed to do so. Each case rests upon its own particular facts and circumstances."
McCovery v. State, 365 So.2d 358, 362-363 (Ala.Crim.App.1978); Oglen v. State, 440 So.2d 1172 (Ala.Crim.App.) cert. denied, 440 So.2d 1177 (Ala.1983); See also Goolsby v. State, 492 So.2d 635 (Ala.Crim.App. 1986); Lokos v. State, 434 So.2d 818 aff'd, 434 So.2d 831 (Ala.1982). "The trial judge has a duty to be thorough, patient, punctual, just and impartial." Oglen, 440 So.2d at 1176. A judge, however, is a human being and not a robot. Oglen; Allen v. State, 290 Ala. 339, 276 So.2d 583 (1973).
The record reveals that the trial judge's remark was certainly not calculated to prejudice this appellant. We find that the statement did not so prejudice the appellant as to require a mistrial or cause a reversal of the convictions at issue. Furthermore, in its oral charge, the court instructed the jury that, in deciding the facts of the case, they were "to take into account all of the testimony of all of the witnesses." No error appears here.

II
The appellant next contends that the trial court erred in refusing to give four of the appellant's requested jury charges concerning mental disease or defect. "The refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in the *952 other charges given at the request of the parties." Rule 14, A.R.Crim.P.Temp. See also Sasser v. State, 494 So.2d 857 (Ala. Crim.App.1986); Jackson v. State, 414 So. 2d 1014 (Ala.Crim.App.1982); Lambeth v. State, 380 So.2d 923 (Ala.1979). Ala.Code § 12-16-13, 1975.
After a careful review of the refused charges and the court's oral charge concerning mental disease or defect, we find that the four refused charges were substantially and fairly covered in the trial court's oral charge or were incorrect statements of law. See Sasser; Hill v. State, 409 So.2d 943 (Ala.Crim.App.1981).

III
The appellant finally contends that the trial court erred by refusing to charge on the lesser included offense of manslaughter as to Frances Pauline Norsworthy.
The record indicates that, during the charge conference, the appellant failed to object to the court's refusal to give the manslaughter charge. At the close of the charge conference, counsel for appellant asked, "Are you saying you aren't going to charge on manslaughter on her?" The trial judge replied, "Yes." No objection or exception was made by appellant at this time. The record also indicates that the appellant failed to object after the trial judge charged the jury.
This court need not review the merits of the requested charge since the issue was not properly preserved for appeal. Rule 14, A.R.Crim.P.Temp.; Holmes v. State, 497 So.2d 1149 (Ala.Crim.App.1986); Rivers v. State, 485 So.2d 805 (Ala.Crim.App. 1986); Allen v. State, 414 So.2d 989 (Ala. Crim.App.1981), aff'd 414 So.2d 993 (Ala. 1982).
For the reasons stated above, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.