The appellant, Jaris Ladell Winton, was convicted of murder, in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life imprisonment in the state penitentiary.
The evidence tended to show that on the evening of June 28, 1988, and during the early morning hours of June 29, 1988, the appellant and a group of other young people were at the Regis Inn on Memorial Parkway in Huntsville. The young people were divided into two groups; the two groups generally did not get along socially with each other. Just before the incident, the groups had gathered in the parking lot just outside Room 135, the appellant's room.
Two young men, Chris Marks and Billy Singleton, got into an argument. The victim, Donald Ray White, stopped the argument but in doing so got into a fight with Mr. Singleton. Up until this time, the appellant had been in his hotel room.
Shortly thereafter, while the fight was still going on, the appellant emerged from his room shooting a handgun. He fired four or five shots at random. Two of the shots hit the victim. One shot went into Room 133, which was unoccupied. One or two other shots went in an unknown direction. The appellant then waived the gun at the others and ran. The victim died as a result of his injuries.
The appellant raises four issues on appeal.
 I
The appellant first contends that the trial court's order did not constitute a valid disposition of his application for youthful offender status.
Section 15-19-1, Code of Alabama 1975, provides as follows:
 "(a) A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and, if charged with a lesser crime may, be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as provided in subsection (b) of this section.
 "(b) After such investigation and examination, the court, in its discretion, may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information; or the court may decide that the defendant shall not be arraigned as a youthful offender, whereupon the indictment or information shall be deemed filed. (Acts 1971, 3rd Ex. Sess., No. 335, p. 4622, § 1.)"
In Goolsby v. State, 492 So.2d 635 (Ala.Cr.App. 1986), this court held:
 "When deciding whether to grant youthful offender status, it is expected that the nature of the crime charged, along with prior convictions of the defendant, will be considered, as well as any other matters deemed relevant by the court. Clemmons v. State, 294 Ala. 746, 321 So.2d 238
(1975). No prescribed format is required. Edwards v. State, 294 Ala. 358, 317 So.2d 512 (1975). Neither is the trial court required to articulate on the record the reasons for denying youthful offender status to a defendant. Garrett v. State, 440 So.2d 1151 (Ala.Cr.App. 1983). In deciding whether or not to accord youthful offender status to an accused person, the discretion of the trial *Page 24 
judge is virtually absolute. Morgan v. State, 363 So.2d 1013 (Ala.Cr.App. 1978)."
492 So.2d at 636.
In the case at bar, the trial court ordered that an investigation be made after the appellant filed his application for youthful offender status. After reviewing the investigation, the trial court issued an order stating "after due consideration by the court, said application is hereby DENIED." Based on current case law, this was sufficient.
 II
Second, the appellant contends that the trial court erred in refusing to allow him to prove the victim's bad character for violence through testimony about the victim's selling of cocaine. More specifically, on cross-examination of Dorothy Jean Battle, one of the State's witnesses, the appellant attempted to elicit testimony about the victim's alleged selling of cocaine. The trial judge did not permit the testimony, stating that it was irrelevant. We agree.
In Williams v. State, 536 So.2d 169 (Ala.Cr.App. 1988), Judge Bowen wrote:
 " 'The test of relevancy applied in Alabama is whether the offered evidence bears any logical relationship to the ultimate inference for which it is offered. . . . The inference for which the evidence is offered, of course, must be material to an issue in the case.' Aetna Life Insurance Co. v. Lavoie, 470 So.2d 1060, 1078 (Ala. 1984), vacated on other grounds, Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986).
 " ' "If the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy, it should go to the jury. The question as to its admission or rejection addresses itself to the court as one to be answered with a view to practical, rather than theoretical consideration. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other certain, or more probable. * * * But where there is such logical connection between the fact offered in evidence and the issuable fact that proof of the former tends to make the latter more probable or improbable, the testimony proposed is relevant, if not too remote." 2 Jones on Evidence (2d Ed.) pp. 1086 and 1115.' George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 502, 140 So. 578 (1932)."
536 So.2d at 171.
Here, there was no assertion by the appellant that he acted in self-defense and, thus, the victim's character is not at issue. Even if the victim had been aggressive towards the appellant, his selling of cocaine is still irrelevant. Moreover, relevancy is within the sound discretion of the trial court, and this discretion is not reversible in the absence of a gross abuse of that discretion. Wicker v. State,433 So.2d 1190 (Ala.Cr.App. 1983).
 III
Third, the appellant contends that the trial court erred in allowing an expert witness to answer a hypothetical question based upon facts which were not in evidence.
The relevant portion from the record is as follows:
 "Q. Assume, if you will, that someone was running from room 135, perhaps out into the parking lot, would it in your opinion be possible that a bullet could have been fired into room 133?
 "MR. SANDLIN: I object, that assumes facts not in evidence.
 "THE COURT: Well, it's a hypothetical and it may be that we will have somebody testify to something of that nature, so while he is here, I'm going to let him testify.
 "A. From the indication of the entrance and the ricochet off the headboard, yes it went in at an angle, someone running from that room could have fired a shot into room 133."
Contrary to the trial court's statement, this question was based on facts already in evidence. Dorothy Jean Battles, the first *Page 25 
witness to testify, stated that the appellant emerged from Room 135, fired four or five shots, waved the gun around, and then ran. Further testimony established that one of these shots entered Room 133. Hypothetical questions are correctly presented to expert witnesses if they are based on facts already in evidence or on facts that can be reasonably inferred from the facts in evidence. Pate v. State,512 So.2d 138 (Ala.Cr.App. 1987); Sheffield v. State, 392 So.2d 1233
(Ala.Cr.App. 1980), cert. denied, 392 So.2d 1237 (Ala. 1981); Gamble, McElroy's Alabama Evidence § 130.01 (3d ed. 1977). Thus, no error occurred.
 IV
Finally, the appellant contends that the trial court erred by allowing a State's witness to testify about the appellant's character. However, the appellant failed to make a specific objection to the testimony. A general objection without the specific grounds to support the objection preserves nothing for appellate review. Johnson v. State,526 So.2d 34 (Ala.Cr.App. 1987).
Appellant received a fair trial. His conviction is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.