627 So.2d 1005 (1991)
Warren Monte DEMUNN
v.
STATE.
CR-90-940.
Court of Criminal Appeals of Alabama.
October 11, 1991.
Rehearing Denied November 15, 1991.
*1006 Ben C. Hand, Auburn, for appellant.
James H. Evans, Atty. Gen., and Yvonne A. Henderson, Asst. Atty. Gen., for appellee.
JAMES H. FAULKNER, Retired Justice.
Warren Monte Demunn was indicted for the offense of possession of cocaine, in violation of § 13A-12-212(a)(1), Code of Alabama 1975. The jury found Demunn guilty as charged in the indictment, and he was sentenced to three years' imprisonment, which sentence was suspended conditioned on Demunn's serving the three years' probation. Six issues are raised on appeal.

I
Demunn contends that the State purposefully used three of its peremptory strikes to remove three blacks from the jury venire, in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
In the case sub judice, the assistant district attorney struck prospective jurors 36, 48, and 9. In response to defense counsel's objection, the prosecutor stated that he struck juror 36 based on notations he had made during the questioning of the venire to the effect that she would not make a good juror; had he struck juror 48 because a police officer informed him that the juror had been arrested before; and that he struck juror 9 because he had a disability and it did not appear that he would make a good juror. Five blacks remained on Demunn's jury.
"It is within the sound discretion of the trial court to determine if the State's peremptory challenges of black jurors are motivated by intentional racial discrimination. Ex parte Jackson, 516 So.2d 768 (Ala. 1986). Moreover, the trial court's findings as to whether the defendant has established purposeful racial discrimination are to be accorded great deference on appeal, Batson, supra, 476 U.S. at 98, 106 S.Ct. at 1724, and should be reversed on appeal only if they are clearly erroneous. Ex parte Branch, 526 So.2d 609 (Ala.1987)."
Ex parte Lynn, 543 So.2d 709, 712 (Ala.1988), cert. denied, 493 U.S. 945, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989).
Moreover, "the prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause." Batson, supra, 476 U.S. at 97, 106 S.Ct. at 1723.
The arrest of juror 48 by the police department may have created a bias against the prosecution. The striking of venirepersons on the basis of bias is race-neutral. Lewis v. State, 535 So.2d 228 (Ala.Cr.App.1988). Also, the striking of a veniremember on the *1007 basis of mental impairments or disabilities constitutes a race-neutral reason for a peremptory strike. Avery v. State, 545 So.2d 123 (Ala.Cr.App.1988). Finally, the prosecutor's statement that juror 36 would not make a good juror based upon her answers to certain questions was based on considerations other than race. The trial court's determination that the prosecutor's strikes were not discriminatory was therefore not clearly erroneous.

II
Demunn contends that the trial court erred in overruling his motion to suppress his confession based on the brevity with which the police explained to him his rights.
The State presented evidence tending to show that the police officers read Demunn the waiver of rights form, explained the rights he was waiving to him, and allowed Demunn to read the form before he signed it. There was also evidence that Demunn could read and write, that he had completed high school, and that he did not appear sleepy or intoxicated at the time. The record further reflects that there were no promises or threats made to Demunn to get him to confess. Demunn himself stated that the officers reviewed his rights and the waiver of rights form with him.
The test for determining whether an extrajudicial confession is voluntary is "whether the defendant's will was overborne at the time he confessed so that the confession was not the product of a rational intellect and a free will." Thomas v. State, 531 So.2d 45, 47 (Ala.Cr.App.1988).
Although the waiver of rights form reflects that the officers explained the form to Demunn in 60 seconds, the mere shortness of time did not prevent Demunn from voluntarily waiving his rights and talking with the officers. The trial court determined that Demunn's free will was not overborne and that he voluntarily confessed to the crime, and his decision coupled, with the subsequent determination by the jury, should not be disturbed on appeal. Bui v. State, 551 So.2d 1094, 1107 (Ala.Cr.App.1988), aff'd, 551 So.2d 1125 (Ala.1989), vacated on other grounds, Bui v. Alabama, 449 U.S. 971, 111 S.Ct. 1613, 113 L.Ed.2d 712 (1991).

III
Demunn contends that the trial court erred in denying his requested jury instructions number 1 and 7 on constructive possession. The State responds that because the trial court gave his requested jury instruction number 6, which also addressed constructive possession, no error occurred.
Demunn's requested charges number 1 and 7 are set forth below:
"1. When constructive possession, as opposed to actual possession, of an illegal substance is relied on, the State must also prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance and such knowledge may be inferred from the accused's exclusive possession, ownership, and control of the premises; where the accused is not in exclusive possession of the premises, however, this knowledge may not be inferred unless there are other circumstances tending to buttress this inference."
"7. If constructive possession is relied on, the State must prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance.
If the accused is not in exclusive control of the premises where the controlled substance is found, his knowledge may not be inferred from his possession of the premises unless there are other circumstances tending to buttress this inference."
Requested charge number 6 provides as follows:
"If the State is relying on constructive possession by Warren Monte Demunn to prove its case of possession of cocaine against Mr. Demunn, then the State must prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance. If Warren Monte Demunn was not in exclusive control of the premises where the cocaine was found his knowledge may not be inferred from his possession of the premises unless there are other circumstances tending to buttress this inference."
*1008 A comparison of requested charges number 1 and 7 to charge number 6, which was given, reveals that all of the charges covered substantially the same subject matter.
When a requested jury instruction is refused by the trial court, the refusal will not be deemed a prejudicial error if the principle law expressed in the requested charge is substantially covered by the trial court's oral charge to the jury. Norsworthy v. State, 542 So.2d 950 (Ala.Cr.App.1989). Hence, because the refused charges were substantially covered by the court's oral charge, which included requested charge number 6, no prejudicial error exists.

IV
Demunn contends that the trial judge erred in clarifying an additional instruction requested by the jury because it served to confuse or mislead the jury.
After deliberating for a brief period, the jury sent out the following question: "Please redefine possession with specific emphasis on time, space, location, and knowledge of controlled substance at the time of arrest." The parties did not object to the trial court's giving the same charge on possession that he had previously given the jury. When the jury appeared confused at the close of the court's repeated charge on possession, the court clarified its charge by giving the jury extensive examples of the difference between actual and constructive possession. Defense counsel strenuously objected to the court's additional comments regarding the charge, and the court overruled the objection.
When a jury requests additional instructions, "the recommended practice is for the trial court to remain within the area of the specific request in making his response." Davis v. State, 440 So.2d 1191, 1195 (Ala.Cr. App.1983), cert. denied, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984). Because it is assumed that the jury will consider the entire charge, there is no requirement that the trial court repeat the entire charge. Davis, supra, 440 So.2d at 1195.
A review of the charge that was given and the court's additional clarifications reveals that the court only gave examples relevant to the charge he previously gave the jury. The clarifications were not misleading or confusing, and the additional clarifications should not be taken out of context.
Because, moreover, the jury did not request an additional charge on "constructive" possession, there was no error in failing to give the previous charge on constructive possession. Because the court stayed within the purview of the jury's request, the trial court properly gave only a partial recharge on possession. See Thomas v. State, 393 So.2d 504 (Ala.Cr.App.1981).

V
Demunn contends that the trial court improperly overruled his motion for a new trial based upon the errors raised in the previous four issues. Because Demunn has failed to cite any legal authority for this proposition, the argument will be deemed waived. Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App. 1984).
We note, moreover, that had the issue been properly preserved for appellate review, the trial court did not abuse its discretion in denying the motion because none of the alleged errors raised in the previous four issues constituted reversible error. Maddox v. State, 520 So.2d 143 (Ala.Cr.App.1986).

VI
Demunn contends that because the trial court did not give specific reasons for denying his application for youthful offender status and because there was not a thorough investigation before denial, reversible error occurred.
Section 15-19-1, Code of Alabama 1975, governs the application for youthful offender status:
"(a) A person charged with a crime which was committed in his minority but was not disposed in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and, if charged with a lesser crime may be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination *1009 and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as provided in subsection (b) of this section.
"(b) After such investigation and examination, the court, in its discretion, may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information; or the court may decide that the defendant shall not be arraigned as a youthful offender, whereupon the indictment or information shall be deemed filed."
There is a prescribed format in deciding whether to grant a defendant youthful offender status; the trial judge need only consider other factors besides the offense in making his decision. Goolsby v. State, 492 So.2d 635 (Ala.Cr.App.1986).
In this case, the trial court set Demunn's motion for a hearing after Demunn filed his application for youthful offender status. At the hearing, the court denied Demunn's motion, stating "[a]fter investigation and examination of the defendant by this Court, defendant's application for youthful offender treatment is hereby denied." From the court's order it is clear that he did consider some factors, although those actions are not specifically enumerated. A trial judge is not required to render a "laundry list" of reasons for denying the youthful offender application, and there is no requirement that a full investigation be done before the application is denied. Goolsby, supra, 492 So.2d at 636. Hence, the trial judge did not abuse his discretion in denying Demunn's request, and his decision will not be disturbed on appeal.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs in result only with opinion.
BOWEN, Judge, concurring in result only.
I concur only in the result reached by the majority in Part I of its opinion.
The prosecutor used three of his peremptory strikes to remove blacks from the jury venire. Five blacks actually served on the jury. The prosecutor did not give a valid reason for striking venire person # 36. In fact, the prosecutor admitted that he did not know why he exercised that strike.
"Judge, I struck 36 becausewell, I've got to be honest with you. I don't really know why other than I had from my notes of yesterday that I had marked a no by her name. And I think it was just an impression that she made. I don't know if she would have made a good juror or anything. I don't really know. He had a question mark [sic]." R. 18-19.
I find no violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987), in this particular case because there were five blacks on the jury.
"A defendant must offer some evidence in addition to the striking of blacks that would raise an inference of discrimination. When the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created. Logically, if statistical evidence may be used to establish a prima facie case of discrimination, by showing discriminatory impact, Harrell [v. State], 555 So.2d [263], 267 [(Ala.1989)], citing United States v. David, 803 F.2d 1567, 1571 (11th Cir.1986), then it should also be available to show the absence of a discriminatory purpose."
Harrell v. State, 571 So.2d 1270, 1271-72 (Ala.1990). See also Ex parte Bird and Warner, 594 So.2d 676 (Ala.1991).