333 So.2d 714 (1976)
Paul M. BOUNDS, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 12917.
Court of Appeal of Louisiana, Second Circuit.
May 24, 1976.
Rehearing Denied July 7, 1976.
*715 Philip K. Jones, Norman L. Sisson, William W. Irwin, Jr., D. Ross Banister, Jerry F. Davis, W. Alex Harrison, Johnie E. Branch, Jr., Jonathan C. Harris, Alva Jones, Baton Rouge, for State of La., Dept. of Highways.
Holloway, Baker, Culpepper & Brunson, Jonesboro, for appellee, Paul M. Bounds.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied July 7, 1976.
JONES, Justice.
Plaintiff, Paul M. Bounds, was the owner of property along U.S. Highway 167 which was expropriated by the State of Louisiana, Department of Highways. The expropriation included Bounds' home and necessitated relocation of his residence. This suit was instituted by Bounds against the State of Louisiana, Department of Highways (hereafter Department), for assistance under the Louisiana Relocation Assistance Act, LSA-R.S. 38:3101-3109.
By letter of March 28, 1974, Bounds was offered $15,075 for the property required for the highway project. The same letter also informed him that if he accepted the State's offer in that amount he was entitled to a maximum of $4,470 under the Department's Relocation Assistance Program in addition to certain other benefits. Mr. Bounds agreed to accept the assistance payment without knowing that the payment thereof would be subject to any conditions. A check for that amount was drawn payable to him. The receipt presented with the check concluded with the following sentence:
In the event the amount paid for the referenced parcel of land is litigated, I agree that the amount of the Replacement Housing Payment shall be credited against that portion of any final award which exceeds the original amount deposited in the court and will refund to the Department an amount equal to the amount of the excess.
Because Bounds did not agree with the State's evaluation of his house and land and intended to litigate that question, but nevertheless felt that he was entitled to the full amount of the assistance offered, he refused to sign the receipt or accept the check.
After the Department refused unconditional payment, Bounds sued demanding the difference between the market value of the property taken in the expropriation and the reasonable cost of his replacement dwelling. The amount allegedly due was $10,000.
Defendants filed an exception of no cause of action contending that the Relocation Assistance Act creates no rights that can be enforced by property owners. See LSA-R.S. 38:3108, 3109. The Department also contended by way of peremptory exception, that plaintiff is not entitled to the requested relief because he did not exhaust his administrative remedies in accordance with the regulations promulgated by the Department. See LSA-R.S. 38:3107. An exception of no right of action was also filed by the Department.
Defendant answered in the nature of a general denial and further answered that a comparable replacement dwelling costing $21,400 had been located by the Department. The exceptions were referred to the merits. Following trial on the merits, judgment was rendered in favor of plaintiff and against the Department for $4,753.50. Defendant perfected this appeal.
We do not reach the merits of this case because there are administrative remedies provided which have not been utilized by plaintiff. Judicial relief will not be granted before all administrative remedies are exhausted. O'Meara v. Union Oil Company of California, 212 La. 745, 33 So. 2d 506 (1947); Porter v. O'Neal, 205 La. *716 445, 17 So.2d 622 (1944); State ex rel. Bert Leasing Corporation v. Donelon, 173 So.2d 24 (La.App., 4th Cir. 1965).
The Louisiana Relocation Assistance Act provides in LSA-R.S. 38:3107 as follows:
§ 3107. Delegation of authority to adopt rules and regulations
The agency head is authorized to adopt such rules and regulations as he deems necessary and appropriate to carry out provisions of this Chapter. The agency head is authorized and empowered to adopt all or any part of applicable federal rules and regulations which are necessary or desirable to implement this Chapter. Such rules and regulations may include, but not be limited to, provisions relating to:
(A) Payments authorized by this Chapter to assure that such payments shall be fair and reasonable and as uniform as possible.
(B) Prompt payment after a move to displaced persons who make proper application and are entitled to payment, or, in hardship cases, payment in advance.
(C) Moving expense allowances as provided for in R.S. 38:3104(A) and (B).
(D) Standards for decent, safe, and sanitary dwellings.
(E) Eligibility of displaced persons for relocation assistance payments, the procedure for such persons to claim such payments, and the amount thereof.
(F) Procedure for an aggrieved displaced person to have his determination of eligibility or amount of payment reviewed by the head of the agency.
Pursuant to this authorization, the Department had in effect in March of 1974, and thereafter, rules and regulations setting forth general instructions for implementing the policies of the assistance program.
A publication entitled Relocation Assistance Policy and Procedure sets forth the rules and regulations of the Department with respect to relocation assistance. It also delineates procedures for claims and appeals. Forms are provided for the various claims and for appeals.
Part VI, Supplemental Payments, provides in part:
* * * * * *
Upon receipt of the Replacement Housing Payment Claim in the District Office the appropriate entry must be made on Form R/W-R.A. 3. The District Relocation Assistance Officer shall inspect the replacement housing to determine whether it meets the standards for decent, safe and sanitary housing. A copy of the relocatee's claim (R/W R.A. 9, R/W R.A. 9A, or R/W R.A. 9B) must be made and filed along with a copy of the Inspection Report, R/W-R.A. 10, in the District Office relocation file. The District will prepare a Right of Way Voucher, Form 504c, attach the original of the relocatee's claim, and submit the voucher to the Headquarter's Office, for processing. The check for payment will in turn be transmitted to the District Office for delivery to the relocatee. Delivery of all checks in payment of claims for relocation assistance must be made by someone other than the person computing or making the offer or approving the claim. A receipt must be obtained and filed in the Relocation Assistance parcel file for each check delivered.
Note: If an owner-occupied parcel must be expropriated and the owner refuses to accept the agreement of Section D of Form R/W-R.A. 9 or R/W-R.A. 9A, payment of the supplemental payment will be withheld until judgment becomes final.

*717 PART VIII, APPEALS, provides:
PART VIII APPEALS
Appeals must be submitted to the Department within 60 days after notification by the Department that the claim submitted by the relocatee has been rejected.
Each appeal claim should be submitted to the Department on Form R/W R.A. 11 and must be reviewed by the District Relocation Assistance Officer. He will indicate his recommendation for approval or disapproval of the appeal claim on its face, list the reasons therefor, date, sign, and transmit the appeal claim to the Headquarters Relocation Assistance Officer for further processing.
* * * * * *
If the total claim is not approved by the Headquarters Relocation Officer, he shall forward the claim to the Right of Way Officer with his recommendations. If approved, the Right of Way Officer shall attach reasons for approval with the claim and return the claim to the Headquarters Relocation Assistance Officer for processing. If the Right of Way Officer does not approve the claim, he shall advise the claimant by letter giving the reason for denial of the claim and advise the claimant he may request a personal audience with headquarters personnel if desired.
The Right of Way Officer's decision will be final.
Once an appeal claim has been received, the Relocation Assistance Officer shall advise the claimant, by letter, that he may appeal in person to the Headquarters Relocation Assistance Officer and the Right of Way Officer giving the address and telephone number of each.
The record in this case contains none of the required applications. The plaintiff frankly admits that these procedures were not followed. Plaintiff has not yet made proper application for relocation assistance. There has been no administrative determination of his eligibility for that assistance. The appeal and review procedures have not been invoked. Plaintiff has not exhausted the possibilities for relief within the administrative system. For that reason, he is not entitled to judicial relief at this time.
For the foregoing reasons, the judgment of the lower court is reversed and the case is dismissed without prejudice to plaintiff's right to proceed further in accordance with the views herein expressed.
Reversed and dismissed without prejudice.