360 So.2d 615 (1978)
George R. WERNER
v.
BOARD OF TRUSTEES OF the NEW ORLEANS POLICE PENSION FUND OF the CITY OF NEW ORLEANS, Joseph F. Maes, Sr., Individually and in his capacity as President of the Board of Trustees of the Police Pension Fund of the City of New Orleans.
No. 9458.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Rehearing Denied July 26, 1978.
C. James Gelpi, New Orleans, for plaintiff-appellant.
Richard A. Dowling, New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN and STOULIG, JJ.
*616 STOULIG, Judge.
Appellant, George Werner, a sergeant in the New Orleans Police Department, is appealing from a judgment of the district court maintaining that it lacked jurisdiction to judicially review an administrative decision of the Board of Trustees of the New Orleans Police Pension Fund of the City of New Orleans (the Board) which rejected his application for a disability pension.
Initially Werner, according to the pleadings, had difficulty obtaining a hearing before the Board to ascertain his pension rights. Thus on April 5, 1977, appellant filed a petition for a writ of mandamus in Civil District Court for the Parish of Orleans to compel, among other things, the Board to grant him a hearing to determine the validity of his claim that he was disabled from functioning as a policeman because of injuries in three separate accidents that occurred in 1974. It was unnecessary for the court to consider whether or not the mandamus should issue because the Board finally held a hearing in this matter on June 7, 1977 and July 12, 1977. In a decision rendered October 26, 1977, the Board denied the pension. There is nothing in the record to indicate when the Board mailed the decision to plaintiff, if at all.
On November 18, 1977, appellant filed a supplemental and amending petition in Civil District Court in which he alleged the hearing initially sought had in fact been held and that "* * * said decisions and findings of fact are in complete contravention of the facts and the reaching of any such decision is both arbitrary and capricious." To this pleading, the defendant filed numerous exceptions, but the one at issue before us is the assertion that the district court lacked appellate jurisdiction to review the Board decision.
On January 9, 1978, the district court rendered judgment maintaining the exception to the jurisdiction noting that under La.Const.1974 Art. 10, § 12 the proper forum is the Court of Appeal, Fourth Circuit. From this ruling, Werner has appealed to this court.
The issues before us are these: (1) Does any appeal lie from the decision of the Board?; (2) If Werner may appeal, which court has jurisdiction at this stage?; and (3) Has Werner perfected any appeal timely?
As to the first issue, R.S. 33:2284 confers sweeping powers on the Board to manage the pension fund including the right to:
"* * * hear and decide all applications for pensions. Its decisions on such applications shall be final and conclusive. There shall be no appeal from the finding of the board. * * *"
This prohibition falls far short of the minimal requirements of the due process clauses of the federal and state constitutions (U.S. Const. Amendment 14 and La.Const. 1974 Art. 1, § 2) and must yield to the provisions of the Administrative Procedure Act R.S. 49:951 et seq., particularly Section 964(A) which grants judicial review of agency determinations.
The right to judicial review of administrative decisions was extensively discussed in Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971), wherein the Supreme Court noted that statutory attempts to preclude review must be carefully considered and judicially nullified where substantial rights were being denied. We quote the pertinent language:
"Article 1, Section 6, of the Louisiana Constitution provides that the courts must be open to every person for adequate remedy by due process of law. We have held that although administrative bodies have power to determine as original propositions the matters assigned to them under statute, a party whose legal rights have been adversely affected by that determination may test its legal correctness in the courts. See Meyer v. Board of Trustees, etc., 199 La. 633, 6 So.2d 713, and cases there cited; State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153; Parker v. Board of Barber Examiners, 84 So.2d 80 (La.App. 1st Cir. 1955); Pettit v. Penn, 180 So.2d 66 (La.App. 2nd Cir. 1965), writs refused 248 La. 696, 181 So.2d 397.

*617 Thus, with the presumption that all administrative determinations are reviewable by the court and a conviction that judicial review may even be necessary in the face of legislative attempt to deny it, in the absence of constitutional restrictions we must not only favor but preserve the right of review. The mandate of Article 1, Section 6, is of overriding concern as we consider the matter before us, which on its face presents a legal dispute between an individual and an administrative body." 253 So.2d at 203-04.
The Board's brief does not seriously challenge the basic right to appeal but because the issue has been raised and to avoid future dispute on this point, we hold that the applicant Werner is entitled to judicial review of a decision rejecting his application for a disability pension.
This brings us to the second issue of which forum is proper. The district court declined jurisdiction citing La.Const. Art. 10, § 12, which directs an aggrieved party to appeal to the appellate court having jurisdiction in the district where the commission held the hearing. As appellant points out, this section relates only to civil service cases because it comes within Part I of Article X of La.Const.1974, entitled "State and City Civil Service". Appellant's hearing was not one before a civil service commission. We conclude the Civil District Court for the Parish of Orleans under R.S. 49:964(B) is vested with the jurisdiction to entertain plaintiff's petition for a judicial review of the administrative proceedings of the Board.
Finally, we must consider whether the application has been filed timely. The cited section requires filing of the petition for review in the district court within 30 days after mailing of the decision. The record does not disclose when the petition was mailed but the supplemental and amending petition was filed well within 30 days of the signing of the decision. While the pleading does not denominate the relief sought, we consider the complaint of error and the alleged injury to the appellant by the result as basic allegations in the petition for a judicial review of the Board's proceedings. Apparently so did defendants because the exceptions filed by them question only the propriety of the appellate forum. We hold the supplemental petition is a petition for a judicial review of an administrative proceeding that was filed timely.
For the reasons assigned the judgment of the district court maintaining the exception to the jurisdiction is reversed and said exception is dismissed; and this matter is remanded to the district court for further proceedings consistent with the views herein expressed.
REVERSED AND REMANDED.