363 So.2d 728 (1978)
James ANDERSON et al., Plaintiffs-Appellants,
v.
STATE of Louisiana and Mary Evelyn Parker, Louisiana State Treasurer, Defendants-Appellees.
No. 13643.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1978.
*729 Jerry Kircus, Shreveport, for plaintiffs-appellants.
William J. Guste, Jr., Atty. Gen., A. Mills McCawley, Asst. Atty. Gen., by Carl E. Stewart, Shreveport, for defendants-appellees.
Before PRICE, HALL and JONES, JJ.
HALL, Judge.
Plaintiffs, employees of the Caddo Parish Police Jury charged with the duty of housing, guarding and providing for prisoners at the Caddo Correctional Institute, filed suit against the State of Louisiana and its treasurer, alleging they are de facto deputy sheriffs and entitled to be paid supplemental pay under the provisions of LSA-R.S. 33:2218.1, et seq.[1] Defendants filed dilatory and peremptory exceptions, including an exception of prematurity grounded on plaintiffs' failure to exhaust their administrative remedies by submitting the question of their eligibility to the board of review as required by LSA-R.S. 33:2218.7.[2] From a judgment sustaining the exception of prematurity *730 and dismissing their suit, plaintiffs appealed.
On appeal plaintiffs do not question the general rule that a person must exhaust his administrative remedies before he is entitled to seek judicial relief. O'Meara v. Union Oil Co. of California, 212 La. 745, 33 So.2d 506 (1947); Bounds v. State Department of Highways, 333 So.2d 714 (La. App.2d Cir. 1976). Plaintiffs' attack is leveled at the constitutionality of the provisions creating a board of review and providing that its decisions are final. It is contended that since the statute does not provide for judicial review, it is unconstitutional as conflicting with La.Const. Art. V, § 16 (vesting district courts with original jurisdiction of all civil matters and with exclusive original jurisdiction of cases involving the state)[3], Art. I, §§ 2, 19 and 22 (providing for due process, right of judicial review and adequate remedy in court)[4], and Art, II, §§ 1 and 2 (providing for separation of powers).[5]
Plaintiffs' premise that the statute, by providing that decisions of the board of review are final, precludes judicial review of the board's decisions is erroneous. The Administrative Procedure Act specifically provides that a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review. LSA-R.S. 49:951, et seq., 964. Even in the absence of statutory authority, the right of judicial review of administrative proceedings exists. Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (La.1971); Werner v. Bd. of Trustees of New Orleans Police, etc., 360 So.2d 615 (La.App.4th Cir. 1978). In reviewing the decision of an administrative agency, the district court exercises its original exclusive jurisdiction. Bowen v. Doyal, supra.
The constitutional article vesting district courts with original jurisdiction of civil matters and exclusive original jurisdiction of cases involving the state does not preclude the legislature from creating administrative agencies with quasi-judicial duties, and whose decisions are subject to judicial review. "Original" and "exclusive" are terms regulating jurisdiction of cases as between the several courts established by the constitution. The terms do not preclude the exercise of jurisdiction by administrative agencies over matters which are not ripe for judicial action.
Requirements of due process are satisfied by the availability of judicial review as previously discussed.
The board of review, created by the legislature, exercises administrative power *731 as an arm of the executive branch of the state government, subject to judicial review. It does not exercise power belonging to the judicial branch of government. There is no conflict with the separation of powers article of the constitution.
For the reasons assigned, and for the reasons expressed in the excellent written opinion of the district court, the judgment is affirmed at appellant's costs.
Affirmed.
NOTES
[1] The statute provides for the creation of a special fund in the state treasury for the payment of supplemental salaries to municipal police officers and "full-time commissioned deputy sheriffs."
[2] LSA-R.S. 33:2218.7 A and B:

A. There is hereby created a board of review which shall be composed of three members, one of whom shall be the commissioner of administration or a representative of the division of administration selected by him; one of whom shall be a member of the Louisiana Association of Chiefs of Police selected by the president of said association; and one of whom shall be the director of the state department of public safety or a representative from said department selected by the director.
B. Whenever any question arises as to the eligibility of any person to receive additional pay out of state funds as provided by this Subpart, the question thereof, together with all of the facts relating thereto, shall be submitted to the board of review herein created for determination, and the decision of the board with regard to eligibility shall be final.
[3] La.Const. Art. V, § 16:

Section 16. (A) Original Jurisdiction. Except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters. It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property; the right to office or other public position; civil or political rights; probate and succession matters; the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships.
(B) Appellate Jurisdiction. A district court shall have appellate jurisdiction as provided by law.
[4] La.Const. Art. I, §§ 2, 19 and 22:

Section 2. No person shall be deprived of life, liberty, or property, except by due process of law.
Section 19. No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
Section 22. All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
[5] La.Const. Art. II, §§ 1 and 2:

Section 1. The powers of government of the state are divided into three separate branches: legislative, executive, and judicial.
Section 2. Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.