No. 80–137. DEPARTMENT OF TRANSPORTATION AND DE-VELOPMENT OF LOUISIANA *v.* BEAIRD-POULAN, INC. C. A. 5th Cir. Certiorari denied.

JUSTICE REHNQUIST, dissenting.

More than half a century ago, this Court observed that "[t]he settled policy of Congress, in authorizing the taking of land and appurtenances, has been to limit the right to compensation to interests in the land taken." *Mitchell* v. *United States,* 267 U. S. 341, 346 (1925). In 1970, however, Congress enacted the Uniform Relocation Assistance and Real Property Acquisition Policies Act, wherein it declared its purpose to "establish a uniform policy for the fair and equitable treatment of persons displaced as a result of Federal and federally assisted programs in order that such persons shall not suffer disproportionate injuries as a result of programs designed for the benefit of the public as a whole." 84 Stat. 1895, 42 U. S. C. § 4621. The substantive provisions of the Act provide for actual reasonable expenses in moving the condemnee, his business, his family, his farm, or other personal property, and actual reasonable expenses in searching for a replacement business or farm. The only substantive provisions of the Act dealing with state condemnations in general are carefully treated in 42 U. S. C. §§ 4627 and 4630, which forbid the head of a "Federal agency" to approve a "grant to, or contract or agreement with, a State agency, under which Federal financial assistance will be available to pay all or part of the cost of any program or project . . . unless he receives satisfactory assurances from such State agency" that fair and reasonable relocation payments and assistance shall be provided to or for displaced persons, as are required to be provided by a federal agency under the earlier sections of the Act.

We may expect frequent interaction between the Federal and State Governments such as is contemplated by the Act, and the fact that this case raises serious questions under the

Act concerning federal jurisdiction would lead me to grant certiorari.

Beaird-Poulan, a corporation engaged in the manufacture of chain saws, owned a 16.5-acre tract of land in Louisiana. It operated plant facilities on the front portion of this tract, while the rest consisted of unimproved timberland not used for business purposes in any way. In May 1971 the Louisiana Department of Transportation and Development (DOTD) expropriated a 3-acre section of the unused portion of the tract for construction of Interstate 220, a federally assisted highway project. Beaird-Poulan moved some of its facilities to a new plant location after the expropriation, and filed suit against DOTD and the United States Secretary of Transportation in Federal District Court to recover its moving expenses. It alleged that its action arose under the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U. S. C. § 4601 *et seq.* Pursuant to § 4630 Louisiana had enacted its own Relocation Assistance Act, La. Rev. Stat. Ann. §§ 38:3101–3110 (West Supp. 1980).

The United States District Court, after preliminary litigation as to the meaning of the Louisiana Constitution, ordered respondent to submit its claim to petitioner, and ordered that petitioner conduct a full, fair, and complete adversary hearing, retaining "jurisdiction of this case to review the administrative determination." After considering respondent's claim petitioner denied it both because the state legislation was not in effect when the claim arose, and because respondent did not qualify as a displaced person.

Beaird-Poulan did not seek either rehearing or review of the DOTD decision in state court [1] but rather filed a motion in Federal District Court stating that it was "aggrieved by the administrative determination . . . and desires that this Court

---

[1] It appears that such review is available after exhaustion of administrative remedies. See, e. g., Bounds v. *State of Louisiana, Department of Highways,* 333 So. 2d 714 (La. App.), writ refused, 338 So. 2d 295 (La. 1976).

review the administrative determination." Over DOTD's objection the court took the case and supplemented the administrative record. The court based its jurisdiction on 28 U. S. C. § 1331 (a) (1976 ed., Supp. III), and concluded that its function was "to review [the DOTD] decision denying relocation assistance benefits." It rejected a contention that judicial review was unavailable, concluding that Congress intended to foreclose review under a separate section covering acquisition policies, 42 U. S. C. § 4651, but not under the relocation provision, 42 U. S. C. § 4622. On the merits the court ruled that Beaird-Poulan was a displaced person and directed DOTD to determine the amount of its moving expenses. 441 F. Supp. 866. The Fifth Circuit affirmed in a one-sentence *per curiam* adopting the District Court opinion as its own. 616 F. 2d 255.

The District Court determined that Congress did not intend to preclude judicial review of *federal* relocation payment determinations under 42 U. S. C. § 4622, but it failed to note that the case before it involved a relocation payment determination made not by a *federal* agency, but by a state agency under state law. Nothing in the Act purports to give federal courts the power to review such determinations of state agencies. Although such silence may not preclude federal judicial review of *federal* agency decisions under the Administrative Procedure Act, 5 U. S. C. § 701, the APA is of course not applicable to state agencies.

The rule that applies to cases such as the present one was stated a quarter of a century ago in *Chicago, R. I. & P. R. Co. v. Stude,* 346 U. S. 574 (1954). The railroad, pursuant to Iowa law, condemned certain land. It appealed the local sheriff's award of compensation to the Federal District Court, alleging diversity of citizenship and seeking to limit the award. This Court sustained a dismissal of the action: "The United States District Court . . . does not sit to review on appeal action taken administratively . . . in a state proceed-

ing. . . . The Iowa Code does not purport to authorize such an appeal, Congress has provided none by statute, and the Federal Rules of Civil Procedure make no such provision." *Id.*, at 581.

The District Court cited 28 U. S. C. § 1331 (a) (1976 ed., Supp. III) as the basis for its jurisdiction, but the present case does not "arise under" federal law. The proceedings before the DOTD, which the District Court purported to review, were grounded on La. Rev. Stat. Ann. § 38:3101 *et seq.* (West Supp. 1980). Although this state legislation is similar to the federal Act, and was enacted in response to 42 U. S. C. § 4630, it is nonetheless still a state law. Nothing in the federal Act gives displaced persons a direct cause of action against state agencies, nor does respondent cite any evidence in the legislative history suggesting that such an action was contemplated. On the contrary, the Act encourages States to make appropriate relocation payments under their own laws by conditioning the availability of federal funds on the provision of such payments. *Ibid.* The carrot of federal funds, not the stick of private suits, was chosen by Congress as the means of providing relocation payments to those displaced by the States for federally assisted projects.

Because the District Court assumed to the contrary, and exercised jurisdiction either to review the decision of the state agency or to entertain a direct action against the state agency, I would grant the petitioner agency's petition for certiorari.