ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM.
On June 12, 1986, Quang Ngoc Bui, a South Vietnamese immigrant, was convicted in the Montgomery Circuit Court of the murder of his three children, an offense made capital by Alabama Code 1975, § 13A-5-40(a)(10). After a sentencing hearing in accordance with §§ 13A-5-45 and -46, the jury recommended that his penalty be death. The trial judge held a second sentencing hearing, in accordance with §§ 13A-5-47 through -52, and sentenced Bui to death.
Bui’s conviction and death sentence were affirmed by the Alabama Court of Criminal Appeals and by this Court. Bui v. State, 551 So.2d 1094 (Ala.Cr.App.1988), aff'd, 551 So.2d 1125 (Ala.1989). On April 22,1991, the United States Supreme Court vacated this Court’s judgment and remanded the case for further consideration in light of Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Bui v. Alabama, 449 U.S. 971, 111 S.Ct. 1613, 113 L.Ed.2d 712 (1991).
In Powers, the United States Supreme Court held that a criminal defendant, regardless of race, has standing to raise a Batson[1] challenge to the State’s exercise of peremptory strikes against black prospective jurors based on race. The Supreme Court in Powers noted that not to allow a Batson challenge simply because the defendant and the excluded jurors are not of the same race “would be to condone the arbitrary exclusion of citizens from the duty, honor, and privilege of jury service.” Powers, 499 U.S. at 415, 111 S.Ct. at 1373, 113 L.Ed.2d at 428.
In this ease, counsel for Bui challenged the State’s use of 6 of its 13 strikes to remove blacks from the jury. In response, the district attorney made a mere denial of discriminatory motive and an affirmation of his good faith. In light of the Supreme Court’s holding in Powers, Bui’s case is remanded to the Montgomery Circuit Court for a hearing on the State’s use of its peremptory strikes. The trial court shall make a due return with *849 in 90 days to this Court indicating its action on remand.
REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).