ON REMAND FROM THE ALABAMA SUPREME COURT

PATTERSON, Judge.
The appellant, Quang Ngoc Bui, was convicted on June 12,1986, of the capital offense of murdering his three children and was sentenced to death. Ala.Code 1975, § 13A-5-40(a)(10). We affirmed the conviction and the Sentence on April 12, 1988, Bui v. State, 551 So.2d 1094 (Ala.Cr.App.1988), and the Alabama Supreme Court affirmed our judgment on July 14, 1989, Ex parte Bui, 551 So.2d 1125 (Ala.1989). The United States Supreme Court vacated the judgment of the Alabama Supreme Court on April 22, 1991, and remanded the case for further consideration in light of Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), which had not been decided when the ease was tried. Bui v. Alabama, 449 U.S. 971, 111 S.Ct. 1613, 113 L.Ed.2d 712 (1991). On July 12, 1991, the Alabama Supreme Court remanded the case to this court, Ex parte Bui, 627 So.2d 848 (Ala.1991), and we remanded the case to the trial court with instructions that it . hold an evidentiary hearing with respect to the state’s use of its peremptory strikes to remove black persons from the jury venire. Bui v. State, 627 So.2d 849 (Ala.Cr.App.1991).
The trial court conducted the hearing in accordance with our instructions and made due return to this court. On remand, we concluded that the state had not met its burden in showing that its peremptory strikes of blacks were not racially motivated, and we reversed the conviction. Bui v. State, 627 So.2d 849 (Ala.Cr.App.1992). On certiorari, the Alabama Supreme Court reversed our judgment, concluding that the trial court’s finding of an absence of racial discrimination with respect to the state’s peremptory striking of blacks from the jury venire was not clearly erroneous. Bui v. State, 627 So.2d 855 (Ala.1992).
The Alabama Supreme Court having decided the last remaining issue in this case adversely to the appellant; all other issues raised heretofore having been decided adversely to him; and the Alabama Supreme Court having ordered us to reinstate the appellant’s conviction and his sentence of death, we hereby affirm the conviction and the sentence of death and reinstate them in accordance with the instructions of the Alabama Supreme Court.
AFFIRMED.
All Judges concur.