Dear Senator Thompson:
Your recent letter requests the opinion of this office as to the "legal status" of the various state and statewide retirement systems. In particular, you ask this office to examine whether the systems "are state agencies, or some type of private corporation".
Both the state and statewide retirement systems are provided for constitutionally at La. Const. (1974) Art. X, Sec. 29. This provision requires the legislature to "provide for retirement of teachers and other employees of the public educational system", and to "enact laws providing for retirement of officials and employees of the state, its agencies, and its political subdivisions". The Constitution does not specifically classify any of the public retirement systems as state agencies or as any particular type of legal entity. Rather, the determination of the particulars of each system is clearly left to the legislature.
We have examined the legislation which provides for the four state retirement systems, and we note that R.S. 11:403 provides that the Louisiana State Employees' Retirement System, or LASERS, shall be a "state agency, with all the powers and privileges of a corporation". The Teachers' Retirement System of Louisiana, or TRSLA, is established at R.S. 11:702, "with all the powers and privileges pertaining to a corporation". The School Employees Retirement System, or LSERS, is established at R.S. 11:1001, which provides that the system "shall be a state agency . . . and shall have the powers and privileges of a corporation". The State Police Retirement Fund is established in accordance with R.S. 11:1301 et seq, however, the statutes pertaining to the State Police system do not classify it as any particular type of entity.
With regard to the legislation which provides for the nine statewide retirement systems, we note that the Assessors' Retirement Fund is administered by the Board of Trustees of the Assessors' Retirement Fund, which is referred to as a "corporation" (R.S. 11:1401). Similarly, R.S. 11:2171 creates the Board of Trustees of the Sheriffs' Pension and Relief Fund as a "public corporation". The other seven statewide systems are statutorily provided "the power[s] and privileges of corporations".
The Executive Reorganization Act of 1977 is also pertinent to your inquiry, in particular, R.S. 36:769. In accordance with R.S. 36:769(D), the four state retirement systems, the Municipal Employees' Retirement System of Louisiana, the Firefighters' Retirement System and the Municipal Police Employees' Retirement System were ". . . transferred to and shall be within the Department of the Treasury, as provided in R.S. 36:801.3." Subsequently, this provision was amended to delete the references to the three statewide systems.
In our opinion, the state retirement systems, being a part of the Department of the Treasury, must be considered to be state agencies. Furthermore, as stated above, the statutory provisions pertaining to LASERS and LSERS specifically classify those systems as state agencies. It is our further opinion that the statewide systems can be considered to be state agencies, or at a minimum, entities or instrumentalities of the state. The state and the statewide retirement systems created by acts of the legislature, in accordance with constitutional mandate. The composition of each board of trustees is designated by statute. Indeed, it is pursuant to statutorily granted authority that the boards of trustees of each retirement system administer, operate and govern the systems. The powers and duties of the Trustees are provided for statutorily, as is the ability of each board to make investment and expenditure decisions with regard to the assets of each system. In accordance with Art. X, Sec. 29(E)(5), the assets, proceeds, or income of the systems, and payments made to the system ". . . shall be held, invested as authorized by law . . .".
The second issue raised by your letter requires this office to address state oversight of the retirement systems. Additionally, you ask this office to examine the applicability of Louisiana's ethics laws, public bid laws, and the Administrative Procedure Act to the retirement systems. In our opinion, both the state and the statewide retirement systems are subject to legislative control and oversight pursuant to the Constitution, as well as constitutional limitations.
Art. X, Sec. 29(E)(5), adopted in 1987, provides that the assets, proceeds, or income of the systems, and payments made to the system "shall be held, invested as authorized by law, or disbursed as in trust for the exclusive purpose of providing such benefits, refunds, and administrative expenses under the management of the boards of trustees and shall not be encumbered or diverted to any other purpose. The accrued benefits of members of any state or statewide public retirement system shall not be diminished or impaired." (Emphasis added)
Clearly, this constitutional provision provides the legislature with the right and responsibility to statutorily provide for and determine the membership of the boards of trustees, and the scope of their authority with regard to funds held and invested by them. We note that in accordance with this constitutional provision the boards can only make expenditures for "benefits, refunds, and administrative expenses". Additionally, such expenditures as can be made must be made "as in trust", denoting that all expenditures and disbursements made by the boards are necessarily made in a fiduciary capacity, and therefore should be made exclusively for the benefit of the members of the system. The Constitution also constrains both the legislature and the boards of trustees of the systems from diverting retirement system funds to purposes other than providing retirement benefits to the members of the systems.
However, although the constitution guarantees payment of benefits to retirees, and although the boards of trustees can issue warrants upon the treasury for the employer portion of costs associated with funding the unfunded accrued liabilities of the system and the employer contributions on behalf of members, the Constitution does not constrain the legislature from providing investment and expenditure guidelines or requirements upon the boards of trustees of the retirement systems. In fact, as underlined above, the funds are to be held and invested "as authorized by law".
There is one case in particular, which is pertinent to this inquiry, styled Louisiana State Retirement System v. State, Dept. of Justice, 423 So.2d 73 (La.App. 1st Cir. 1982), wherein the retirement systems brought suit for declaratory judgment, after the Attorney General issued an opinion that the retirement system could not purchase common stock, in accordance with Const. Art. VII, Sec. 14, which prohibits such purchases with public funds.
The court stated, in pertinent part:
 "The funds involved here consist of contributions made by the individual members of the retirement systems and matching contributions of the State. The State contributions are in the nature of fringe benefits or additional compensation. The funds here belong to the members of the systems. Neither the State nor the general public has any proprietary interest in same. These funds are in trust for the members of the systems. . . . funds belonging to these retirement systems are not public funds/state funds as contemplated by Article VII, Sec. 14(A), and appellees may invest same in accordance with the statutory authority vested in them . . ." (Emphasis added)
While it is true that the court recognized the non-public nature of the funds administered by the boards, the court also recognized that investments are to be made "in accordance with the statutory authority vested in them". All of the powers vested in these boards are clearly statutory, as opposed to constitutional, and can be amended to provide investment and expenditure restrictions and oversight.
Attached hereto is Opinion No. 86-183 regarding operating expenses of the Teachers' Retirement System. That opinion determined that operating expenses of the retirement systems are not subject to appropriation by the legislature, in part because the funds are not deposited in the State Treasury [La. Const. Art. VII, Sec. 9(A)(4)] and are not state funds. The opinion also states, however, that it is pursuant to statutory authority that the boards of trustees of the systems determine and approve all expenses of the systems.
There are also some statutory provisions which apply to all state and statewide retirement systems, which provide for "oversight" of the retirement systems.
R.S. 11:121, et seq. establishes the Actuarial Committee, the five voting members of which are (1) the Treasurer, (2) the Commissioner of Administration, (3) the legislative actuary, if any, or the designee of the legislative auditor, (4) the President of the Senate, and (5) the Speaker of the House. Three actuaries, two of whom are selected by the directors of the statewide retirement systems, serve as non-voting members. The duties of the committee are the review and study of actuarial assumptions, funding methods, methods to reduce unfunded liabilities, and "such other matters as the committee deems appropriate". "It shall make recommendations, subject to the unanimous approval of the committee, to the retirement systems, plans, or funds, and to the Joint Legislative Retirement Committee." Presumably, the Actuarial Committee does, or could, study and make recommendations to the legislature regarding acceptable levels of expenditure and acceptable forms of investments by the retirement systems.
R.S. 11:301 created the Commission on Public Retirement, which statutorily expired on August 31, 1990. The duty of the Commission was the review of the administration, benefits, investments, and funding of the public retirement systems, and to make recommendations regarding same. If the legislature wants to increase oversight of the retirement systems, the Commission could be reactivated.
It is noteworthy that the Executive Organization Act also provides, at 36:801.3, that the State Treasurer is authorized to employ, control, etc. actuarial and investment personnel to assist the retirement systems, with the approval of a majority of the boards. However, the boards can appoint additional personnel, if the appointment receives the prior approval of the governor. Furthermore, 36:801.3 also provides that the assets of each system "shall be held in trust by the fiduciaries who are named to the system's governing board", with "exclusive authority and discretion to manage and control the assets". "[T]he assets shall be held for the exclusive purpose of providing benefits to members . . . and defraying reasonable expenses of administering the system."
R.S. 24:513A(1) gives the Legislative Auditor the authority to "examine, audit or review the books and accounts of . . . public retirement systems enumerated in R.S. 42:698.2(A)" [reenacted as11:173]. The scope of the examinations may include financial accountability, legal compliance and evaluations of the economy, efficiency, and effectiveness of the auditee's programs or any combination of the foregoing." (Emphasis added). R.S.24:513C(1) provides that: "The legislative auditor shall have authority to evaluate on a continuing basis all aspects of any state, municipal, or parochial retirement system, funded in whole or in part out of public funds as to its actuarial soundness. The legislative auditor shall make periodic detailed reports, both to the legislature and the governor, specifically setting forth his findings as to the actuarial soundness of such retirement systems."
It should also be noted that R.S. 11:261, et seq. establishes fiduciary and investment guidelines on the governing authorities of the retirement systems, persons exercising discretionary control or authority of the funds, and persons rendering investment advice. These provisions also authorize members, beneficiaries and survivors to bring a civil action to enforce the provisions of this subpart.
With regard to your question regarding Louisiana's ethics laws, public bid laws and the Administrative Procedure Act, please be advised that it is our opinion that the retirement systems are subject to Louisiana's Code of Governmental Ethics and the Administrative Procedure Act.
The Code of Governmental Ethics, R.S. 42:1101, et seq. is designed to protect against the conflicts between the private interests and public duties of public servants. The Code also establishes ethical standards of conduct for public servants. R.S 42:1102(19) defines "public servant" as "a public employee or an elected official." The notably broad definition of "public employee" is provided at R.S. 42:1102(18), which states:
 "'Public Employee' means anyone, whether compensated or not, who is:
 (a) An administrative officer or official of a governmental entity who is not filling an elective office.
 (b) Appointed by any elected official when acting in an official capacity, and the appointment is to a post or position wherein the appointee is to serve the governmental entity or an agency thereof, either as a member of an agency, or as an employee thereof. (c) Engaged in the performance of a public function.
 (d) Under the supervision or authority of an elected official or another employee of the governmental entity."
In our opinion, this definition encompasses trustees of each retirement system. Clearly, the trustees are "engaged in the performance of a public function", in that they are the administrators of the retirement benefits of `public' employees. Additionally and as previously stated, the authority and composition of each board is statutorily determined, and the constitution requires the legislature to provide for the public retirement of each public employee. In our opinion, the administration of the state and statewide public retirement systems, which systems are required to be established by the constitution, is "the performance of a public function".
With regard to the Administrative Procedure Act, this office was required to examine whether the Boards of Trustees of the state and statewide retirement systems fall within the definition of "agency" as contained in R.S. 49:951(2), which states:
 "'Agency' means each state board, commission, department, agency, officer, or other entity which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, except the legislature or any branch, committee, or officer thereof, any political subdivision, as defined in Article VI, Section 44 of the Louisiana Constitution, and any board, commission, department, agency, officer, or other entity thereof, and the courts." (emphasis added).
In our opinion, the state and statewide retirement systems, are each a "state board", "agency" or "other entity" as contemplated by this definition, and are therefore subject to the provisions of the Administrative Procedure Act. The boards exercise investment and expenditure policy regarding the assets of the systems "pursuant to . . . statutes of Louisiana". Furthermore, as determined in Buras v. Board of Trustees of Police Pension,367 So.2d 849 (La. 1979) the Boards of Trustees of retirement systems award or deny pension benefits pursuant to statutory authority. See also Henning v. Carter, 430 So.2d 1310 (La.App. 1 Cir., 1983); Darbonne v. Louisiana State Police Retirement Board, 408 So.2d 452 (La.App. 1st Cir., 1981); Werner v. Board of Trustees of New Orleans Police Pension Fund of City of New Orleans, 360 So.2d 615 (La.App. 4th Cir., 1978).
In accordance with the decision rendered in Louisiana State Retirement System v. State, Dept. of Justice, supra, we are constrained to determine that the state and statewide retirement systems are not subject to the Public Contracts Law. Although the Public Contracts law applies to ". . . any agency, board, commission, department or public corporation of the state, created by the constitution or statute or pursuant thereto" [R.S. 38:2211(10)], the Public Contracts law only applies to public works and purchases "to be paid out of public funds" [R.S. 38:2212A.(1)(a)]. As previously noted, the Louisiana State Retirement System v. State, Dept. of Justice decision held that the funds administered by LASERS are not public funds.
We trust this opinion to be of assistance. Please do not hesitate to contact this office if you have any further questions.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0359n