Dear Chief Louviere:
You advise in correspondence of recent date that the Municipal Police Officer's Supplemental Pay Board of Review has issued a ruling adverse to one of your municipal police officers, having found the officer's eligibility for supplemental pay contingent upon his entrance into the civil service system. Further, in this particular case, the Board apparently found him ineligible because he illegally held the position in question for a substantial period of time prior to his participation in the civil service system. See attached correspondence dated July 9, 1997, submitted by a staff attorney for the Department of Public Safety and Corrections.
Pertinent to your inquiry are the provisions of LSA-R.S.33:2218.7, stating:
 § 2218.7 Board of review; powers and duties
 A. There is hereby created a board of review which shall be composed of three members, one of whom shall be the commissioner of administration or a representative of the division of administration selected by him; one of whom shall be a member of the Louisiana Association of Chiefs of Police selected by the president of said association; and one of whom shall be the director of the state department of public safety or a representative from said department selected by the director.
 B. Whenever any question arises as to the eligibility of any person to receive additional pay out of state funds as provided by this Subpart, the question thereof, together with all of the facts relating thereto, shall be *Page 2 
submitted to the board of review herein created for determination, and the decision of the board with regard to eligibility shall be final. (Emphasis added).
The foregoing statute indicates that the decision of theboard regarding an officer's eligibility to receive supplemental pay shall be final. We think it inappropriate for this office to render an opinion which would require us to make factual determinations perhaps in contradiction to the findings of theboard. Note, however, that the appellate court in Anderson vs.State, 363 So.2d 728 (La. 2nd Cir. App. 1978) determined that the language of LSA-R.S. 33:2218.7 regarding the finality of theboard's decision does not preclude judicial review of the board's decision. In reviewing the decision of an administrative agency, the district court exercises its original exclusive jurisdiction, Anderson, supra, at page 730. It is within that arena that this officer's further recourse lies.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams