Dear Representative Doerge:
We have received your opinion request of recent date, asking this office to make a determination as to Minden fireman Tom Guy Mandino's eligibility for supplemental pay. In this regard, Act628 of the 1997 Regular Legislative Session provides:
 ACT No. 628 House Bill No. 1601 By Representative Doerge An Act
 To appropriate funds out of the General Fund of the state of Louisiana for the Fiscal Year 1996-1997 to the Department of Public Safety and Corrections to be credited to the special fund in the state treasury created by R.S. 33:2003 for payment of supplemental salaries to certain fire department personnel, as provided in R.S. 33:2002, for the purpose of paying uncollected back supplemental pay to Tom Guy Mandino of the Minden Fire Department, contingent upon certain conditions.
Be it enacted by the Legislature of Louisiana:
 Section 1. The sum of One Thousand Three Hundred Twenty-Two and No/100 ($1,322.00) Dollars is hereby appropriated out of the General Fund of the state of Louisiana for the Fiscal Year 1996-1997 to the Department of Public Safety and Corrections to be credited to the special fund in the state treasury created by LSA-R.S. 33:2003
for payment of supplemental salaries in certain fire department personnel, as provided in R.S. 33:2002, for the purpose of paying uncollected back supplemental pay to Tom Guy Mandino of the Minden Fire Department.
 Section 2. This Act shall only become effective if, as, and when the attorney general of the state of Louisiana determines that the payment of such supplemental compensation meets the eligibility requirements provided in R.S. 33:2002. (Emphasis added).
 Approved by the Governor, July 3, 1997. A true copy: W. Fox McKeithen Secretary of State
LSA-R.S. 33:2001, et seq., provides for the payment of supplemental salaries to employees of any municipal, parish, or fire protection district maintaining a fire department. Certain eligibility requirements are mandated by LSA-R.S. 33:2002, one of which is that the employee complete a certified fireman's training program, equivalent to the National Fire Protection Association Standard 1001. Apparently, the Firemen's Supplemental Pay Board of Review (the Board) met and determined that Mr. Mandino is entitled to retroactive supplemental pay only from July 20, 1995, the date Mr. Mandino received his certification from the Louisiana State University Firemen Training Program. Seven months earlier, Mr. Mandino had completed the municipal department's training requirements as of December 1, 1994. However, the Board denied retroactive payment to that date, presumably ruling that the municipal procedures constituted insufficient certification under state law.
The language of Act 628 requires this office to define eligibility for supplemental pay with respect to Mr. Mandino's situation. While we can review documentation submitted to this office and on that basis verify the Board's ruling with regard to the satisfaction of training requirements, we lack the expertise necessary to make a decision as to the sufficiency of the Minden's training program for firemen. Such a response would require this office to make a factual determination that the Minden training program for firemen is equivalent to the National Fire Protection Association Standard 1001 as required by LSA-R.S.33:2002. This determination lies squarely within the authority of the Board, as LSA-R.S. 33:2009 provides:
§ 2009. Determination of eligibility
 Whenever any question arises as to the eligibility of any person to receive additional pay out of state funds as provided by this Subpart, the question thereof, together with all of the facts relating thereto, shall be submitted to the board herein created for determination, and the decision of the board with regard to eligibility shall be final. (Emphasis added).
We find applicable the appellate court decision of Andersonvs. State, 363 So.2d 728 (La. 2nd Cir. App. 1978) in which the court observed that the Administrative Procedure Act specifically provides that a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review. See LSA-R.S. 49:964. In reviewing the decision of an administrative agency, the district court exercises its original exclusive jurisdiction. Anderson,supra, at page 730.
If in fact Minden's training program is equal to National Fire Protection Association Standard 1001, the law authorizes back supplemental pay under LSA-R.S. 33:2010 and Mr. Mandino would be entitled to receive supplemental pay retroactive to December, 1994. Mr. Mandino has a basis to challenge the Board's denial of benefits pursuant to constitutional authority via the equal protection clause. (See LSA-Const. Art. 1, Section (1974), stating in part: "No person shall be denied the equal protection of the laws . . .").
We are verbally informed by Chief Bloxen of the Mindent Fire Department that the Board has previously certified other Minden firemen on the basis of Minden's training program. Attached to this opinion is documentation submitted by the Minden fire department to the state supplemental pay board. Chief Bloxem indicates that the Board paid benefits to these individuals based solely upon Minden's certification, and yet arbitrarily denied Mr. Mandino his benefits. If the foregoing assertions are true, we would question the Board's ruling in Mr. Mandino's situation, and suggest that the Board's ruling is challengeable because of the constitutional concerns already mentioned herein.
Finally, it has been suggested to us that the Board has never before required firemen to participate in Louisiana State University's Firemen Training Program in order to complete statutory training requirements, and that it is unfair to require Mr. Mandino to receive such certification.
In this regard, it is interesting to note LSA-R.S. 33:2002 was amended by Act 853 of the 1997 Regular Legislative Session to specifically include as acceptable those programs approved by the LSU Fireman Training Program. Act 853 states:
 ACT No. 853 House Bill No. 2361 By Representatives Landrieu and Welch and Senator Heitmeier An Act
 To amend reenact R.S. 33:2002 (A), relative to extra compensation for firefighters; to clarify the application of certain training standards for supplemental pay eligibility; and to provide for related matters.
Be it enacted by the Legislature of Louisiana:
 Section 1. R.S. 33:2002(A) is hereby amended and reenacted to read as follows:
Section 2002. Extra compensation
 A. (1) In addition to the compensation now paid by any municipality, parish, fire protection district, or other political subdivision maintaining a fire department, or by any nonprofit corporation contracting with any such political subdivision to provide fire protection services, to every paid, regularly employed employee who is paid not less than three hundred dollars per month, not including supplemental pay, as distinguished from part-time employees and volunteers of such fire department, who are carried on the payroll of such fire department, and every employee as defined herein who is paid from finds of the parish or municipality obtained through lawfully adopted bond issues or lawfully assessed taxes, either directly through a board or commission set up by law or ordinance of the parish or municipality, shall be paid extra compensation by the state in the amount of two hundred seventy-eight dollars per month for each such paid employee who has completed or who hereafter completes one year of service.
 (2) The term "employee" as used herein expressly excludes any person hired primarily to perform secretarial and clerical duties, switchboard operators, secretaries, record clerks, maintenance personnel, and mechanics; it shall expressly exclude employees hired after March 31, 1986, who have not completed and passed a certified fireman's training program equal to National Fire Protection Association Standard 1001, or a firemen's training program as approved by the Louisiana State University Firemen Training Program, in accordance with R.S. 40:1541 et seq., and it shall also expressly exclude part-time employees and volunteers of such municipal, parish, or fire protection district fire departments. (Emphasis added).
* * * * *
 Approved by the Governor, July 10, 1997 A true copy: W. Fox McKeithen Secretary of State
(Our research reflects that Act 513 of the 1997 Regular Legislative Session also increases the extra compensation and supplemental pay provisions of LSA-R.S. 33:2002 and is not in conflict with Act 853, although the provisions of Act 853 would be found controlling as the latest legislative enactment.)
It is of no relevance in the instant matter that the law now requires approval of firemen training programs by LSU. Mr. Mandino's entitlement to benefits during the time period between December of 1994 and July of 1995 rests upon a determination that Minden's training program was equivalent to National Fire Protection Association Standard 1001 at the time he completed municipal certification. Mr. Mandino is entitled to supplemental benefits and should have been paid those benefits by the Board, if the Board has in fact paid benefits to other individuals similarly situated.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL