Dear Mr. Duncan:
You ask us to review the legal efficacy of the interpretations rendered by the Board of Review for Deputy Sheriff's Supplemental Pay (hereafter, the Board) regarding R.S. 33:2218.8(A) and R.S.40:2405(B) and (C). Historically, as per your correspondence, those interpretations have been:
 1. Allow supplemental pay after March 31, 1986, to deputies who received supplemental pay immediately prior to March 31, 1986, and performed, prior to and after March 31, 1986, clerical and non-enforcement duties.
 2. Disallow supplemental pay after March 31, 1986, to those deputies who were not receiving supplemental pay immediately prior to March 31, 1986, and performed, prior to and after March 31, 1986, clerical and non-enforcement duties.
In Attorney General Opinion 96-171 issued to your office concerning these statutes and these issues, we acknowledged that the Board is entitled to deference in the promulgation of policy interpreting said statutes. Our deference regarding Board decisions is supported by the language of R.S. 33:2218.7, providing:
 § 2218.7 Board of review; powers and duties
 A. There is hereby created a board of review which shall be composed of three members, one of whom shall be the commissioner of administration or a representative of the division of administration selected by him; one of whom shall be a member of the Louisiana Association of Chiefs of Police selected by the president of said association; and one of whom shall be the director of the state department of public safety or a representative from said department selected by the director.
 B. Whenever any question arises as to the eligibility of any person to receive additional pay out of state funds as provided by this Sub-part, the question thereof, together with all of the facts relating thereto, shall be submitted to the board of review herein created for determination, and the decision of the board with regard to eligibility shall be final. (Emphasis added).
Where our interpretation would affect a specific case before the Board, we think it inappropriate for this office to render an opinion which would require us to make factual determinations perhaps in contradiction to the findings of the Board, particularly since the Board's decision does not preclude original review of the matter at the district court level. See Andersonvs. State, 363 So.2d 728 (La.App. 2nd Cir. 1978) and Attorney General Opinion 96-385(A).
Despite the fact that your questions are of a general nature, rather than with reference to a particular individual or case, we nonetheless refrain from issuing a formal opinion at this time. The legislature is considering the issues you have presented in Louisiana House Bills 1776, 555, and 6, and Louisiana Senate Bill 115 of the 1999 Regular Legislative Session. The bills cited, amongst other bills proposed, would substantively affect the provisions of R.S. 33:2218.8 if adopted. The proposed revisions to the law which are approved will be shortly forthcoming and will further be controlling as the latest reflection of the legislative will. If at that time an interpretation of newly enacted law is required, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams