Dear Mayor Tallo:
We are in receipt of your recent inquiry concerning the payment of supplemental pay to purely clerical or non-enforcement police department personnel. The provisions of R.S. 33:2218.2(C) and R.S. 33:2218.2(D)(1) are relevant to your question and discussed herein.
Subsection (C) of R.S. 33:2218.2 specifically describes who shall be deemed to be a police officer entitled to supplemental pay. R.S.33:2218.2(C)(1) describes those officers who "walk the beat"; subsection (C)(2) and (C)(3) pertains to those persons who are supervisors and who provide services to line officers in the performance of their duties; subsection (C)(4) describes those persons employed as desk sergeants or identification technicians. Subsections (1) through (3) require that the person work as a "duly commissioned law enforcement officer; subsection (4) also requires that the person be a "duly commissioned police officer." However, there is no requirement for a full-time radio dispatcher to be commissioned in subsection (5). See Mayo vs. MunicipalPolice Board of Review, 745 So.2d 188 (La.App. 1st Cir. 1999).
R.S. 33:2218.2(D)(1) in general denies purely clerical or non-enforcement police department personnel supplemental pay. The statute provides:
 D. For purposes of this Subpart the following classes of persons, whether or not duly commissioned as police officers or having the power to make arrests, shall not be deemed to be a municipal or tribal police officer entitled to additional pay out of state funds:
 (1) Personnel employed primarily to perform purely clerical or non-enforcement duties; including but not necessarily restricted to the following types of duties of persons: typographical; office machine operators; switchboard operators; filing clerks; steno clerks; stenographers; dog pound keepers; school crossing guards; and secretaries except those classified under the municipal fire and police civil service law and those classified as secretary to the chief of police in a classified municipal police employees civil service system or a classified municipal employees civil service system created by legislative Act. (Emphasis added).
Police department secretaries classified under the municipal fire and police civil service law and those classified as secretary to the chief of police in either a classified municipal fire and police civil service system or a classified municipal employees civil service system created by legislative Act are entitled to supplemental compensation. Similar to dispatchers, there is no requirement that these secretaries be a "duly commissioned police officer".
Having defined those categories of police department personnel that must be commissioned in order to receive supplemental pay, note that while R.S. 33:2218.2(A)(1) requires the officer "to have completed and passed a council-certified training program as provided in R.S. 40:2405", those provisions of law do not mandate continuing certification requirements be met in order for the officer to continue to be eligible for supplemental pay once he is initially certified.
However, an officer may be required to meet annual certification requirements in order to continue to be able to exercise the authority of a police officer. In general, a police officer must meet those training requirements imposed upon him as determined by the Council on Peace Officer Standards and Training and those internal regulations imposed upon him by his law enforcement agency. You may wish to contact the Council directly to obtain further information about annual certification.
Finally, eligibility disputes concerning the payment of supplemental pay are settled by the Municipal Police Supplemental Pay Board of Review. R.S. 33:2218.7 provides:
§ 2218.7 Board of review; powers and duties
 A. There is hereby created a board of review which shall be composed of three members, one of whom shall be the commissioner of administration or a representative of the division of administration selected by him; one of whom shall be a member of the Louisiana Association of Chiefs of Police selected by the president of said association; and one of whom shall be the director of the state department of public safety or a representative from said department selected by the director.
 B. Whenever any questions arises as to the eligibility of any person to receive additional pay out of state funds as provided by this Sub-part, the question thereof, together with all of the facts relating thereto, shall be submitted to the board of review herein created for determination, and the decision of the board with regard to eligibility shall be final.
The decisions of the board of review are subject to judicial review. See Anderson vs. State, 363 So.2d 728 (La.App. 2d Cir 1978).
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams