Dear Mr. Ottinger:
You have asked this office to advise whether the Lafayette City-Parish Government park rangers are entitled to state supplemental pay under R.S. 33:2218.2.
R.S. 33:2218.2 authorizes the payment of state supplemental pay to full-time municipal law enforcement officers, amongst other categories irrelevant to this discussion. A municipal police officer is entitled to state supplemental pay by R.S. 33:2218.2(A) and (C)(1), providing pertinently:
(1) In addition to the compensation now paid by any municipality included in this Subpart or by the Chitimacha Tribe of Louisiana, the Coushatta Indian Tribe of Louisiana, or the Tunica-Biloxi Tribe of Louisiana, hereinafter referred to as "tribe" or "tribal", to any police officer, every police officer employed by any municipality or tribe which employees one or more police officers who devotes his full working time to law enforcement, and for those hired after March 31, 1986, who have completed and passed a council-certified training program as provided in R.S.40:2405, shall be paid by the state extra compensation in the amount of three hundred dollars per month for each full-time municipal or tribal law enforcement officer who has completed or who hereafter completes one year of service.
* * * * *
For purposes of this Subpart, a municipal or tribal police officer entitled to additional pay out of state funds shall mean and refer to:
Any person employed on a full-time basis by a municipality or tribe and all of whose compensation out of public funds is paid solely from municipal or tribal funds for full-time work as a duly commissioned law enforcement officer for the performance of primary duties which encompass the enforcement of state laws and municipal or tribal ordinances, including actual enforcement of state and local traffic laws, the making of physical arrests, testifying in court, bearing arms and other like functions.
The park rangers are paid by the Lafayette Consolidated City-Parish Government. The rangers meet the threshold requirement that they be paid solely from municipal funds, as R.S. 33:2218(G) states that "a person who is employed by a municipality shall include an employee of any consolidated city-parish government who is paid out of the funds of such consolidated government."
In Attorney General Opinion 94-265, this office examined the cited statute and determined the following statutory requirements must be met in order to qualify for supplemental compensation:
 1. Each officer is a duly commissioned law enforcement officer.
 2. Each officer is responsible for general law enforcement of both state and local laws.
3. Each officer is employed on a full-time basis.
 4. Each officer has the authority to make arrests and testify in court.
 5. Each officer has the authority to carry a weapon, and engage in similar functions common to those persons engaged in general law enforcement.
You advise the park rangers have arrest authority. Assuming the other requirements are met, these park rangers would be entitled to state supplemental pay.
Finally, eligibility disputes concerning the payment of supplemental pay are settled by the Municipal Police Supplemental Pay Board of Review. R.S. 33:2218.7 provides:
§ 2218.7 Board of review; powers and duties
 A. There is hereby created a board of review which shall be composed of three members one of whom shall be the commissioner of administration or a representative of the division of administration selected by him; one of whom shall be a member of the Louisiana Association of Chiefs of Police selected by the president of said association; and one of whom shall be the director of the state department of public safety or a representative from said department selected by the director.
 B. Whenever any question arises as to the eligibility of any person to receive additional pay out of state funds as provided by this Sub-part, the question thereof, together with all of the facts relating thereto, shall be submitted to the board of review herein created for determination, and the decision of the board with regard to eligibility shall be final.
The decisions of the board of review are subject to judicial review. See Anderson vs. State, 363 So.2d 728 (La.App. 2d Cir 1978).
We hope the foregoing is helpful to you. Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams